JONES et al. v. RELIANCE LIFE INS. CO. OF PITTSBURGH, PA.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2402.

Cancellation of instruments ⬦13—Insurer may sue for cancellation of policy incontestable after one year, where insured died before expiration of year, notwithstanding notice of rescission and annulment were given beneficiary and estate of insured.

Where the insured in a policy incontestable after one year from date of issuance died within the year, insurer had the right to proceed in equity for cancellation of policy on ground of fraud, notwithstanding that notice of rescission and annulment had been given beneficiary and estate of insured prior to instituting suit.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Bill by the Reliance Life Insurance Company of Pittsburgh, Pa., against Ethel R. Jones, individually, and Ethel R. Jones and the Union Trust Company of Maryland, executors of the estate of Dr. Howard W. Jones, deceased. From a decree overruling a motion to dismiss the bill, and enjoining the prosecution of suit at law pending the determination of the suit in equity, respondents appeal. Affirmed.

Albert C. Tolson, John C. Tolson, and Charles F. Harley, all of Baltimore, Md., for appellants.

William N. McFaul and Walter L. Clark, both of Baltimore, Md., for appellee.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

WADDILL, Circuit Judge. This is an appeal from a decree of the United States District Court for the District of Maryland, rendered on the 4th of May, 1925. The decree overruled a motion to dismiss the complainant's bill, which sought an injunction to restrain the prosecution of a suit at law by plaintiffs in error to enforce the collection of a contested policy of insurance issued by defendant in error upon the life of the deceased, Howard W. Jones.

Briefly, the facts in the case are: On the 14th of March, 1924, the Reliance Life Insurance Company, by its policy No. 295585, insured the life of Howard W. Jones in the sum of $15,000, the beneficiary being Ethel R. Jones, the wife of the insured. The policy was issued pursuant to a written application made therefor, which, with the policy, constituted the entire contract between the parties. In the application for insurance, sundry questions were asked, and answered, regarding the past and present health of the insured, to all of which the applicant made affirmative answer as to his freedom from disease, and particularly as to the ailments especially inquired about; that is, as to diseases of the stomach, liver, intestines, kidneys, and bladder. The applicant further certified that his answers were full, complete, and true, and that he believed himself to be a proper subject for life insurance. He further represented that he had not been under the care of, nor consulted, a physician concerning himself for any cause within five years.

The complainant insurance company averred that, acting upon the truthfulness of the representations thus made, the policy was issued, and, but for such representations, the contract of insurance would not have been entered into. The complainant averred that as a matter of fact the insured was, at the time of making the representations aforesaid and entering into the contract, as he well knew, a sufferer from, and afflicted with, duodenal ulcer, as he had been for about five years, and of which malady he ultimately died. The complainant further averred that until the 28th of January, 1925, within some eleven months after the issuance of the policy, the represented conditions as to the said Jones' health were not known to be untrue; that such false statements were of a vital and most material character in procuring the contract and influencing the issue of the policy; and that but for such misrepresentations and false statements the policy would not have been issued; that complainant was in total ignorance of the existence of the health conditions of the insured mentioned, and did not learn of the same until after his death.

The policy contained the following incontestability clause: "Incontestability. * * * The policy and the application therefor, a copy of which is hereto attached, constitute the entire contract between the parties, and shall be incontestable after one year from its date, except for the non-payment of premiums."

Promptly upon learning of the true health conditions of the insured, which knowledge was acquired after the death of the policy holder, as aforesaid, the complainant company gave notice, on the 7th of March, 1925, to the beneficiary, Mrs. Ethel R. Jones, and to her and the Union Trust Company as executors of the estate of Howard W. Jones, deceased, that, by reason of the circumstances upon which the policy was procured as aforesaid, the company would rescind and cancel

the same as of the date of issue, together with all claims thereunder, and a proper tender was made covering the amount of the premiums paid upon the policy, with interest thereon, and on the 12th day of March, 1925, within two days of the expiration of the twelve months' period provided by the incontestability clause, filed its bill in equity in this cause to rescind the said insurance contract, and to cancel and annul the same because it was fraudulently procured as aforesaid. The complainant brought its suit in equity, as well because in that tribunal it was afforded a clear, more speedy and adequate remedy than could be had at law, as because therein it could alone with certainty save for itself the right reserved in the one year's incontestability clause of the policy. After the twelve months' period, the appellants did institute a suit at law to enforce the policy and likewise moved to dismiss the bill filed herein. The District Court overruled the motion to dismiss and enjoined the prosecution of the suit at law pending the determination of the suit in equity. It is from the decree thus entered that this appeal is taken.

The legal questions raised by the assignments of error turn almost entirely upon whether the defendant in error has the right to proceed in equity, instead of at law, to have determined the rights of the parties under the policy of insurance in the light of the incontestable clause set forth in the policy. Appellants apparently concede that this right would exist in the absence of an action at law to recover under the policy, but for appellee having given notice, after the death of the policy holder, of rescission and annulment to the beneficiary and the estate of the insured under the policy. The question raised is not a new one in this court, as the same was precisely passed upon, after much consideration was given thereto, in the case of Jefferson Standard Life Insurance Co. v. Keeton, 292 F. 53. By that decision we feel bound, and to it and the authorities therein cited we refer, as containing the law properly applicable to this case. The reason for the granting of equitable relief in this class of cases is apparent, and is distinctly illustrated by what occurred in this case. The insured lived some 10½ months after the issuance of the policy of insurance, and between that time and the expiration of the year period, about six weeks' information respecting the validity of the contract was procured, and it was within two days of the expiration of the time that this suit, seeking rescission of the contract, was instituted. A few days later, on the 6th of April, and after the expiration of the twelve months' period, however, under the incontestable clause, the suit at law to enforce the collection of the amount of the policy was instituted. Had not the suit in equity been timely filed, the issues upon the suit at law would have been to recover the face value of the policy, with the defendant company's ground of defense eliminated. The giving of the notice of rescission prior to the institution of the suit in equity, and after the death of the insured, should in no manner affect the right of the complainant to go into equity to make its defense under the policy if the same existed theretofore. The institution of the suit in equity was the step necessary to the preservation of the rights of the complainant to rescind and cancel the insurance contract and to the legal enforcement of the claim of which mere notice of rescission to the parties was made by formal indication of the purpose to annul. The complainant, appellee herein, was under no obligation in the institution of its suit to bring an action at law, and what happened in this case merely demonstrates the risk and danger of so doing. The fact that the beneficiary under the policy could sue at law to recover the amount of the policy if due is well enough, but a different condition existed so far as the appellee was concerned. The company was not suing to collect on the policy, but, on the contrary, to rescind, cancel, and annul the same, on account of fraud and deception practiced upon it incident to its procurement. Relief from such matters is furnished more readily under the latitude allowed in the courts of equity than by the stringent rules of law governing legal proceedings.

Counsel for appellants cite and rely upon the case of Stiegler v. Eureka Life Ins. Co., 127 A. 397, 146 Md. 629, as containing the correct interpretation of incontestability clauses in insurance policies, with the proper rules governing the enforcement thereof. The case cited is of interest, and contains an able and interesting discussion of the subject-matter under consideration, but we do not feel, having regard to the facts and the issues therein involved, that we would be justified in departing from the decision of this court in the Jefferson Standard Life Insurance Company Case, supra. See, also, Chun Ngit Ngan v. Prudential Ins. Co., 9 F.(2d) 340 (C. C. A. 9th Circuit) decided November 16, 1925.

The decree of the lower court is affirmed.