## PEAKE et al. v. LINCOLN NAT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1926.)

No. 7330.

1. Cancellation of instruments ☞4—Injunction ☞136(2).

Where insured in policy incontestable two years after issuance died within such time, and policy had been assigned, insurer was entitled to maintain suit in equity for cancellation on ground of fraud, and to enjoin action by beneficiary pending determination thereof.

2. Insurance ☞213.

Life insurance policy is chose in action, and passes by assignment.

3. Insurance ☞213.

Assignment in life policy delivered to assignee, although not in form stipulated in policy, created in grantee such right as entitled insurer to adjudication determining ownership.

4. Insurance ☞400.

Giving of notice denying liability on policy with incontestable clause held not to preclude insurer from subsequent suit to cancel policy on ground of fraud.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Suit by the Lincoln National Life Insurance Company against Annie K. Peake and another. Decree for plaintiff (10 F.[2d] 366), and defendants appeal. Affirmed.

Benjamin M. Powers, of Kansas City, Mo. (Francis M. Hayward and Clarence L. Hogin, both of Kansas City, Mo., on the brief), for appellants.

William C. Michaels, of Kansas City, Mo. (Henry I. Eager, of Kansas City, Mo., D. B. Ninde and F. B. Shoaff, both of Ft. Wayne, Ind., and Haff, Meservey, Michaels, Blackmar & Newkirk, of Kansas City, Mo., on the brief), for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and KENNAMER, District Judges.

LEWIS, Circuit Judge. The Lincoln National Life Insurance Company, an Indiana corporation, appellee here, brought this suit in the court below on October 23, 1924, against Annie K. Peake and Benefit Building & Loan Association, a Missouri corporation. The bill alleges that on July 5, 1923, George L. Peake made an application in writing to plaintiff for a $7,000 policy of life insurance in favor of his wife as beneficiary; that the applicant made certain false and untrue statements in his application in answer to questions therein contained, and thus concealed from plaintiff his excessive use of intoxicating liquors and the fact that he had taken treatment on account of such excessive use and that he had consulted physicians about his mental derangement and nervousness and that he had been discharged by his employer on account of his use to excess of alcoholic stimulants; that he further concealed the fact that in the preceding spring he had been a patient in a sanitarium and there treated for alcoholism and mental trouble and nervousness; that the questions propounded to applicant in said application made direct inquiry of him whether he had used alcoholic stimulants to excess and he answered in the negative; that the matters inquired about were material to the risk and the applicant willfully and fraudulently made untrue answers thereto; that plaintiff, believing said questions had been truly answered relied thereon and was induced thereby to issue its policy on the life of said George L. Peake, dated July 5, 1923, and the same was delivered to him on August 3, 1923, at which time he paid the first

annual premium therefor, and thus by fraud and deceit of the said Peake plaintiff was induced to issue its said policy; that the insured committed suicide on July 20, 1924; that Benefit Building & Loan Association claims some interest in the policy and the right of possession thereof, the extent thereof being unknown to plaintiff; that the policy is in the hands of one or the other of the defendants and that if the same remains in their hands plaintiff is liable to be vexed with one or more suits based on the policy at some remote time after the period of contest mentioned in the policy has expired; that prior to the bringing of suit plaintiff tendered to each of the defendants the premium that had been paid on the policy with lawful interest thereon and the same was refused. Plaintiff asked that the policy be brought into court and that it be canceled. On the next day, October 24, Mrs. Peake, beneficiary named in the policy and one of the appellants here, brought an action in the State court of Missouri against the insurer to recover the amount named in the policy, she having theretofore made proof of death. The insurer at once removed that case to the Federal court, in which it had filed its bill, and it filed its answer there to Mrs. Peake's complaint, setting up in defense the same facts that were stated in the bill. It also filed its supplemental bill in its equity suit, in which it alleged that Mrs. Peake had brought an action at law against the insurer in the State court after the defendants in the equity suit had been served with subpoenas issued therein, that it had caused the action at law to be removed to the Federal court and it was then pending in the same court in which the equity suit was pending; it alleged that the Benefit Building & Loan Association had never filed any disclaimer of interest or ownership of the policy but on the contrary it had served notice on the insurer prior to the bringing of the equity suit that it had become assignee of the policy and was then making claim that it was entitled to the proceeds thereof, either as equitable or legal assignee or owner thereof, that the Building & Loan Association had not brought an action on the policy and it was alleged to be the belief of plaintiff that it was the purpose of the Building & Loan Association to delay the assertion in court of its claim to the policy and await bringing any action thereon until after the two years' contestable period named in the policy should have expired, which would deprive the plaintiff in such a suit from setting up the defense of fraud and deceit of the insured in obtaining the policy. And it was prayed that the court enjoin Annie K. Peake from prosecuting her action at law and enjoin both defendants from bringing any other action or actions on the policy. On hearing the injunction prayed for was issued and the two defendants below joined in taking this appeal. They have not answered the bill and supplemental bill.

At the hearing on application for the injunction a written assignment by Annie K. Peake of all her interest in the policy to the Benefit Building & Loan Association, of date August 1, 1923, was produced, also there was produced a letter dated April 15, 1924, from the Building & Loan Association, addressed to the insurer's general agent, which enclosed the assignment. On receipt of this letter, and the assignment of Annie K. Peake enclosed therein, the insurer's agent sent to the Building & Loan Association a form of assignment of the policy used by the company, for the signatures and acknowledgment of both George L. Peake and Annie K. Peake thereto. George L. Peake came to his death three months thereafter. The general agent at Kansas City to whom the assignment was sent by the Building & Loan Association retained it until after the death of George L. Peake, when he sent it to the company's home office at Indianapolis. The Building & Loan Association retained the form of assignment used by the company sent to it by the general agent. It does not appear whether that form was ever signed by either George L. or Annie K. Peake, or both of them.

Appellants contend that (1) Mrs. Peake's claim is a legal demand and appellee could make its defense of fraud and deceit to that action as a legal defense, and thus had a remedy at law, Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; (2) the insurer's claimed equitable right and remedy are fully set up in the answer to Mrs. Peake's action, filed within the two years' time named in the incontestable clause of the policy, and those rights can be adjudicated in that action, hence there was no occasion to enjoin the prosecution of that action, U. P. Ry. Co. v. Syas, 246 F. 561, 158 C. C. A. 531; and (3) the insurer notified counsel for appellants in writing within two years after issuance of the policy that it denied liability thereon, which, under the ruling in Insurance Co. v. Hurni Packing Co. (C. C. A.) 280 F. 18, saved its rights under the incontestable clause of the policy as against any action that might be brought by the Building & Loan Association. That clause reads thus:

"This policy is free of conditions as to occupation, residence, travel or military or naval service except as provided in the suicide and aviation clause herein, and shall be incontestable after two years from date of issue."

A further and fourth contention, apparently made in behalf of both appellants, is based on the claimed assignment of the policy. The clause in the policy in that respect reads:

"No assignment of this policy shall be binding on the company until it be filed with the company at its home office. The company, by receiving or filing any assignment does not assume any responsibility as to the validity or sufficiency thereof. Any claim made under an assignment shall be subject to proof of interest and extent thereof."

The general agent of insurer, when it received Mrs. Peake's assignment from the Building & Loan Association, held it and sent back the insurer's form of assignment for signature by the insured and the beneficiary, and the assignment signed by Mrs. Peake was not forwarded to the insurer until after the insured's death. It is said the insurer never recognized the assignment, and it seems to be argued that these facts show there was no valid assignment to the Building & Loan Association.

[1] If Mrs. Peake had brought her action before the equity suit had been instituted, and if it were established that she and the insurer were the only parties interested in the subject, the first two propositions contended for might be conceded as sound. But that was not the situation presented by the bill and its supplement, and we are not called on to determine the rights of the parties as to procedure under those conditions. The bill made the Building & Loan Association defendant with Mrs. Peake, for the reasons therein stated. It alleged that the Association claimed some right and interest in the policy, that insurer was liable to be vexed with suits to be brought by Mrs. Peake and by the Building & Loan Association, each asserting ownership of the contract, and that the Association was at liberty to delay instituting its action until the contestable period named in the policy should expire, thus precluding the defense of fraud and deceit. The proof showed that Mrs. Peake had executed a written assignment of her interest in the policy to the Association, and it does not disclaim having an interest. It was thus made to appear on the face of the bill, not only that the policy was obtained by fraud and deceit but also that the insurer was open to vexatious litigation by two claimants of the policy, and that as to one

15 F.(2d)—20

of them it stood the chance by waiting of having its only defense barred by the terms of the policy. The insurer thus sought an adjudication of its claimed equitable right to a decree directing a surrender and cancellation of the policy. On the facts and circumstances stated we think it clear the insurer had no remedy at law for the relief sought, nor would it be fully protected by pleading its equitable rights in Mrs. Peake's case. The facts in Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53, were so like the facts here that the two cases cannot be distinguished on principle, eliminating all allegations with reference to the Building & Loan Association and its interest. No assignment of the policy had been made in that case. There the bill in equity was brought first. The lower court denied injunction against the prosecution of the law action on the policy and this was held to be error. The Fifth Circuit, in Jefferson Standard Life Ins. Co. v. McIntyre, 294 F. 886, held that the insurer had a right to maintain a suit in equity to cancel a policy containing an incontestable clause such as we have here, on allegations that its issuance had been procured by false statements as to the health of the insured. It was alleged in the bill that defendants were threatening to sue at law on the policy after the contest period would expire. The Fourth Circuit, in Jones v. Insurance Co., 11 F.(2d) 69, followed the rule which it had announced in the Keeton Case. Story's Eq. Jur. (13th Ed.) § 935, says that a court of equity will exercise its jurisdiction as a protective or preventive remedy and cancel the contract, if the facts so require, to prevent its being vexatiously or injuriously used against the complaining party. No possible injury or detriment can come to Mrs. Peake by staying her action until the equity suit is first disposed of, which will be tried without a jury, as the equitable defense to her law action also would be tried without a jury. U. P. R. Co. v. Syas, supra; Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232. She is being denied no right by the order complained of. If the plaintiff fails in the equity suit and she is adjudged to be the full owner of the policy, she will be entitled to a judgment in the law action, as we are now advised.

[2-4] We cannot agree with counsel's contention about the assignment, and that it appears that the Building & Loan Association has no interest. The policy is a chose in action and passes by assignment. Sheldon v. Sill, 8 How. 441, 449, 12 L. Ed. 1147; Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 S. Ct. 877, 29

L. Ed. 997; 32 Cyc. 670. Mrs. Peake assigned her interest in the policy, and that assignment was delivered to the Building & Loan Association, which transmitted it to the company. The policy itself recognizes in terms the right to assign it, and does not restrict that right to the use of a particular form. The form of assignment which the insurer desired to be used was a matter of precaution in its interest and the interest of others in it. The Association has made no denial that would bind it against claiming under that assignment, and the insurer is entitled to an adjudication that will bind both it and Mrs. Peake as to ownership, in order to prevent vexatious litigation and the chance of being held in double liability on the one obligation. Too much is claimed from what is said in Insurance Co. v. Hurni Packing Co., supra. Taken literally it supports appellants' contention, but the sentence relied on was used as a concession. And then, arguing from the concession as a premise, it was shown that the letter denying liability in that case was not sent to the beneficiary within the time limited by the two years' incontestable clause. That was the only purpose the sentence served. It is dictum when used for another purpose. It cannot be doubted that the great weight of authority is to the effect that a contest intended by such a clause is a contest initiated by an appropriate proceeding in court within the time limited. Life Insurance Co. v. Pickering (C. C. A.) 293 F. 496; Life Insurance Co. v. McIntyre, supra; Scharlach v. Insurance Co. (C. C. A.) 9 F.(2d) 317; Chun Ngit Ngan v. Insurance Co. (C. C. A.) 9 F. (2d) 340; Insurance Co. v. Cranford, 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93; Priest v. Insurance Co., 119 Kan. 23, 237 P. 938, 41 A. L. R. 1100. Many cases in the State courts are referred to in those that have been cited. But granting, for the sake of argument, that the Hurni Packing Co. Case supports appellants' contention that written notice denying liability is a contest within the meaning of the incontestable clause, nevertheless the equitable right presented by the bill on that subject is not thereby met; because the Building & Loan Association would be free to institute an action on the policy in a jurisdiction where the rule supported by the great majority of decisions prevails. It might go into either State or Federal court at Indianapolis, and it does not appear that in either of those jurisdictions a mere denial of liability constitutes a contest.

For the reasons stated the decree appealed from is affirmed.