## KEYSTONE DAIRY CO. v. NEW YORK LIFE INS. CO. (two cases).

Circuit Court of Appeals, Third Circuit. April 27, 1927.

Nos. 3574, 3575.

1. Cancellation of instruments ☞13—Equity has jurisdiction to cancel life policy for fraud, where beneficiary fails to sue within contestable period, which is not defeated by beneficiary's subsequent suit at law.

Where beneficiary failed to sue on policy within period of contestability, thereby depriving insurer of defense of fraud available at law, and forcing it, just before expiration of period of contestability, to sue in equity for cancellation, *held*, equity had jurisdiction, which was not defeated by beneficiary's subsequent suit at law after expiration of period.

2. Action ☞69—Action on policy after expiration of contestable period held properly stayed pending equity suit to cancel policy.

Where insurer sued in equity, before expiration of period of contestability, to cancel life policy for fraud in procurement, law action on policy, instituted after expiration of period of contestability, was properly stayed till final determination of equity suit, since beneficiary prevented insurer from making defense in law action by delay.

Appeal from and in error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

A law action by the Keystone Dairy Company against the New York Life Insurance Company was stayed pending the final determination of a suit in equity by the New York Life Insurance Company against the Keystone Dairy Company, and the Keystone Dairy Company appeals and brings error. Affirmed.

Fallon & Fallon, of Hoboken, N. J. (William Mayo Atkinson, of Hoboken, N. J., of counsel), for Keystone Dairy Co.

Lindabury, Depue & Faulks, of Newark, N. J. (J. Edward Ashmead, of Newark, N. J., of counsel), for New York Life Ins. Co.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. On March 28, 1924, the New York Life Insurance Company, hereafter called the insurance company, issued three policies to the Keystone Dairy Company, hereafter called the dairy company, on the life of its treasurer, William M. Kroog, which policies provided they were incontestable after 2 years from their issue date. Mr. Kroog died on October 15, 1924. During the remaining 17 months which intervened between the death of the insured and the expiration of the con-

testable period, the Dairy Company brought no suit on the policy. On March 18, 1926, 10 days before such contestable period expired, the insurance company, a corporate citizen of New York, filed a bill in equity in the court below against the dairy company, a corporate citizen of New Jersey, to cancel the policies on the ground of fraud in their procurement, and tendered back the premiums paid. On April 22, 1926, the dairy company brought an action at law against the insurance company on the policies in a state court, which action was subsequently removed to the court below. Subsequently that court, on application of the insurance company, entered an order in the equity case, ordering the action at law be stayed until the final determination of the equity suit, and an order in the law case staying it until the equity case was decided. Thereupon the dairy company took appeals from both such injunctive orders.

[1, 2] It will be noted that the case is free from embarrassment of a conflict of jurisdiction, which sometimes arises where the actions are in different courts. The case is also different from others in the cited cases, in that the present action of law was not brought during the 2-year period when the insurance company could contest the policy. The dairy company could have sued during that period, and could thereby have made the insurance company's defense available at law; but by not suing during such period it forced the insurance company to resort to equity for relief. Now, with cancellation for fraud being a recognized ground of equity jurisdiction, and the nonaction of the dairy company preventing the insurance company from having such remedy at law, it follows that the jurisdiction of the court below was rightly invoked and acquired, in the action in equity, and, the jurisdiction of the court having been once taken of the parties and the subject-matter, it follows that it could not be shorn of that jurisdiction in equity by the defendant thereafter bringing another action at law. Such being the facts in the present case, it follows that the court below had power to maintain its jurisdiction in equity, and its order cannot be challenged on the ground of lack of power.

Nor do we see any error was committed in its exercise of that power. When the bill in equity was brought, the insurance company was remediless. It had a right which it could contest in a court of law, if the dairy company invoked the jurisdiction of such a court. But the dairy company did not bring suit within the period of contesta-

bility, and in that connection we here note its earnest contention that the orders here complained of have deprived it of trial by jury. In point of fact, it is its own act, and not the court's orders, that has had that effect. Had suit at law been brought by the policy holder within the contestable period allowed the insurance company, the latter could have availed itself in such action at law of its alleged right of cancellation. But the policy holder, by delaying suit and precluding the insurance company from a defense at law, forced it to resort to equity, and thus affirmatively brought about the loss of jury trial of which it now complains. Without referring to the numerous cases cited pro and con on this subject, we limit ourselves to saying that the case before us presents an even stronger impelling situation than that in Jefferson in Keeton (C. C. A.) 292 F. 53, where both the equity and law suits were brought during the period of contestability.

Confining ourselves to the facts and situation in this case and to the alleged error of the court below in its purpose to first try the equity case, in which its jurisdiction was first invoked, we are of opinion no error is shown. Its orders are therefore affirmed.