## ABRAHAM LINCOLN LIFE INS. CO. v. KLEVEN.

District Court, D. Massachusetts. September 1, 1928.

No. 2919.

F. H. Nash, of Boston, Mass., for plaintiff.

Goldstein & Asher, of Worcester, Mass., and Lee M. Friedman and Friedman, Atherton, King & Turner, all of Boston, Mass., for defendant.

MORTON, District Judge. This is a bill in equity for the cancellation of a policy of life insurance in the amount of $50,000, issued by the plaintiff upon the life of William B. Levy, for the benefit of the defendant, Kleven, described in the policy as a creditor of Levy. The alleged ground for cancellation is in substance that the policy was obtained by Levy's fraudulent misrepresentation of material facts as to his health. The policy was issued to Levy on January 26, 1927, the first premium of $494 being paid by him, and he assigned all his interest in it to Kleven on February 23, 1927. Levy died on September 30, 1927.

The present bill was filed on February 8, 1928. The ground of jurisdiction is diversity of citizenship; the plaintiff being, as alleged, an Illinois corporation, and the defendant, Kleven, a citizen of Massachusetts. Levy's executrix is not a party. On March 14, 1928, Kleven began an action at law on the policy against the insurance company in the state courts of Missouri, where Levy was domiciled and the policy was issued. That action was removed by the defendant company into the federal court in Missouri, and is now pending there.

The present questions arise (1) on Kleven's general demurrer, or motion to dismiss the bill; and (2) on the plaintiff's motion for an injunction pendente lite staying the prosecution of the action at law by Kleven until this suit is disposed of. Upon this motion various affidavits have been submitted. The ground upon which equitable relief is claimed by the insurance company is that

the policy which it issued contains a clause whereby the policy is incontestable after two years from its date of issue for any cause except nonpayment of premiums, there being also a provision for adjustment of amount if the age of insured was incorrectly stated; that as this clause is construed by the courts it precludes the defense of fraud in obtaining the policy, unless actually set up in court within the two years, and that it was therefore within the power of Kleven, when this bill was filed, to deprive the company of its right to raise the issue of fraud by delaying his action upon the policy.

If the matter stopped there the authorities are clear that a case for relief in equity has been stated. The discussions of the principles involved in the cases cited below are so clear and adequate that it is not necessary to enlarge upon them. Jefferson Standard Life Ins. Co. v. Keeton, 292 F. 53 (C. C. A. 4th); Jones v. Reliance Life Ins Co., 11 F.(2d) 69 (C. C. A. 4th); Peake v. Lincoln National Life Ins. Co., 15 F.(2d) 303 (C. C. A. 8th); Keystone Dairy Co. v. N. Y. Life Ins. Co., 19 F.(2d) 68 (C. C. A. 3d); N. Y. Life Ins. Co. v. McCarthy, 22 F.(2d) 241 (C. C. A. 5th).

Kleven strongly urges, however, that in this case he brought an action upon the policy so promptly that the company has ample time there to present its issue of fraud, and that by reason of this fact the equity in the bill has disappeared. To this the company replies that by the law of Missouri Kleven has the absolute right to discontinue his action at any time and begin another for the same cause; that if he does so after next November it will be deprived of its right to defend; that it ought not to be left in that position; and that therefore its bill in equity is still good.

In several of the decisions cited actions at law were brought on the policy after the suit in equity had been instituted, and it was held that jurisdiction in equity was not affected thereby. The point is discussed by Judge Rose in the Jefferson Standard Life Insurance Co. Case, supra, 292 F. at page 56, a direct authority against the defendant on this point, and by Judge Lewis in the Peake Case, supra, 15 F.(2d) at page 305. The defendant points out that in some of these cases the time within which the defense of fraud could be made in the action at law had in fact expired, while here it has not, and argues that this difference in the facts avoids the conclusion. It does not seem to me that this is a sound contention, first, for the reasons stated by Judge Rose and Judge Lewis;

and, second, because there is no certainty that the company can ever make its defense of fraud, if not permitted to do so in this suit. Counsel for Kleven suggest that the requisite certainty can be secured by a stipulation on his part not to discontinue. No such stipulation has in fact been made by him, and the question is not open.

The defendant further contends that this suit is not maintainable, because Levy's executrix is not a party to it. The bill explicitly avers the plaintiff's tender of the premium to the executrix, her refusal to accept it, and the plaintiff's continued willingness to repay the premium to her. Levy's estate has no interest in the policy. As there is no issue between the plaintiff and the executrix, and no relief is sought against her, she is not a necessary party.

It follows that the demurrer should be overruled, and the action at law should be enjoined until the suit has been heard. The fact that sharp practice was resorted to by the company to hold Kleven off until its suit against him had been filed is not a sufficient reason for letting the action at law go forward in another court, while this court is asserting jurisdiction of the subject-matter. Moreover, by granting the injunction a door is opened to the defendant to take the matter at once to the Circuit Court of Appeals, something which, because of the defective federal practice, cannot be done with the ruling on the demurrer until after hearing on the merits.

Decree that demurrer be overruled, and that temporary injunction be granted, as prayed in plaintiff's motion therefor.