## BROWN et al. v. PACIFIC MUT. LIFE INS. CO.

### No. 3398.

Circuit Court of Appeals, Fourth Circuit.

Jan. 10, 1933.

L. D. Lide, of Marion, S. C. (L. D. Jennings, of Sumter, S. C., and Lide & McCandlish, of Marion, S. C., on the brief), for appellants.

A. M. Lumpkin, of Columbia, S. C. (Thomas, Lumpkin & Cain, of Columbia, S. C., and Blake Franklin, of Los Angeles, Cal., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal in a suit instituted to secure the rescission and cancellation of a policy of life and disability insurance on the ground of fraud and false warranty in its procurement. The insured and his mother, who was named as beneficiary under the policy in case of death, were made defendants. After the bill was filed, but before the subpœna ad res. was served, the insured instituted an action in the state court to recover $450 under the disability feature of the policy, and secured service of the summons therein. The defendants then moved to dismiss this suit on the ground of the pendency of the action in the state court, and the-com-

plainant moved that the defendants be enjoined from further prosecuting that action. The court below entered an order overruling the motion to dismiss and enjoining defendants from further prosecuting the action in the state court; and from this order the defendants have appealed.

The policy in question was issued on the 30th day of June, 1930, and contained a two-year incontestable clause in the usual form. It insured the life of defendant Herbert W. Brown in the sum of $5,000, and named his mother Florence Wilkes Brown as beneficiary in case of death, with right on his part to change the beneficiary. It contained also a disability feature, providing for the payment of $75 per month to insured in case of his total and permanent disability. The bill of complaint was filed January 29, 1932, alleging fraud and false warranty in the application for the policy. It set forth that complainant, having only recently discovered the fraud, had promptly tendered a return of the premiums and demanded a return and cancellation of the policy, which had been refused. It asked that the policy be declared void and of no effect, and that defendants be required to surrender it for cancellation. Subpœna was immediately placed in the hands of the marshal of the district, but was not served until February 17th, eighteen days later. In the meantime the insured, on February 6th, had instituted an action in the state court, seeking the recovery of $450 under the disability feature of the policy, and had secured immediate service of the summons in that action. As he was under twenty-one years of age, he brought the action through his mother as next friend.

The appeal before us presents three questions for our consideration: (1) Is there jurisdiction in equity to decree cancellation in a case of this character? (2) Granting the jurisdiction, should the court of equity enjoin defendants from further prosecuting the action at law in the state court? And (3) is the jurisdiction of the court of equity, or its power to enjoin the prosecution of the action in the state court, affected by the fact that service of process was first obtained in that action?

■■ We think that the first two of the questions stated above are conclusively answered in the affirmative by the decisions of this court in Jefferson Standard Life Ins. Co. v. Keeton, 292 F. 53, and Jones v. Reliance Life Ins. Co., 11 F.(2d) 69. The general rule, of course, is that equity will not ordinarily take jurisdiction of a suit for cancellation of a policy of insurance for fraud in

its procurement, for the reason that the company has an adequate remedy at law in its right to defend on the ground of fraud in an action instituted on the policies. Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188. But where the policy contains an incontestable clause, so that if it be not canceled for fraud within the time limited the right to defend on that ground will be lost, equity will grant relief, as otherwise the company would be without remedy. This was the ground upon which jurisdiction was sustained in the leading case of Jefferson Standard Life Ins. Co. v. Keeton, supra, and that decision has been followed in this circuit by the Jones Case, supra, and in other circuits by the following cases: Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A. 5th) 294 F. 886; Peake v. Lincoln National Life Ins. Co. (C. C. A. 8th) 15 F.(2d) 303; Keystone Dairy Co. v. New York Life Ins. Co. (C. C. A. 3d) 19 F.(2d) 68; N. Y. Life Ins. Co. v. Seymour (C. C. A. 6th) 45 F. (2d) 47, 73 A. L. R. 1523. See, also, the following cases in the district courts: N. Y. Life Ins. Co. v. Renault, 11 F.(2d) 281; N. Y. Life Ins. Co. v. Sisson, 19 F.(2d) 410; Phila. Life Ins. Co. v. Burgess, 18 F.(2d) 599; Mutual Life Ins. Co. v. Dreeben, 20 F.(2d) 394; Abraham Lincoln Life Ins. Co. v. Kleven, 33 F.(2d) 638. These cases affirm the duty of equity to grant relief in such cases even after the policy has matured by the death of the insured; and a number of them approve the rule of the Keeton and Jones Cases to the effect that the jurisdiction in equity is not defeated by the subsequent institution of an action at law on the policy.

■■ In the case at bar, the insured is living and there is consequently no possible way in which complainant can secure the full relief to which it is entitled except in equity. It is argued that relief might be obtained at law by defending the action instituted for recovery under the disability feature of the policy. But it is clear that this remedy would not be full, complete, or adequate. In the first place, the action at law might be terminated in such a way as not to decide the issue of fraud at all and in the meantime the policy might have become incontestable. In the second place, the judgment in that action would not be binding upon the beneficiary. See N. Y. Life Ins. Co. v. Halpern (D. C.) 47 F. (2d) 935, 936. In addition to this, it is well settled that equity jurisdiction existing at the commencement of the suit is not lost because after the filing of the bill an adequate legal remedy has become available. Dawson v.

Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 296, 41 S. Ct. 272, 65 L. Ed. 638; N. Y. Life Ins. Co. v. Seymour, supra. We think that both on reason and authority, therefore, the jurisdiction of equity in a case such as this is thoroughly established.

■■ And we think it equally clear that the court of equity, having acquired jurisdiction, should stay the proceedings at law in the state court. There can be no question as to the general power of a court of equity, which has acquired jurisdiction of a cause, to enjoin the prosecution of all proceedings commenced afterward which would have the effect of defeating or impairing its jurisdiction, or the lawful effect of its orders and decrees in the exercise of that jurisdiction; and it is settled that in such cases section 720 R. S., 28 USCA 379, has no application. Looney v. Eastern Texas R. Co., 247 U. S. 214, 38 S. Ct. 460, 62 L. Ed. 1084; Kline v. Burke Construction Co., 260 U. S. 226, 229, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. And it has been specifically decided that such power exists and should be exercised in a case such as this, where suit for the cancellation of a policy of insurance has been instituted in equity, and action at law on the policy is instituted afterwards. See the Keeton, Jones, Peake, Keystone Dairy Co. and Kleven Cases, supra, and note in 73 A. L. R. 1531, et seq.

■ Defendants argue that both the suit in equity and the action in the state court are proceedings in personam, and that under the decision in the case of Kline v. Burke Construction Company, supra, both should be allowed to proceed until a judgment is obtained in one which will be an estoppel in the other. The Kline Case, however, was considered by this court in the Keeton Case, being cited in the dissenting opinion of Judge Woods; and the doctrine which it lays down was not found to militate against the power of the court to enjoin the prosecution of an action at law in cases of this character. And upon further consideration of the Kline Case, we find nothing in it which limits to actions in rem the right of a federal court of equity to protect its jurisdiction. It involved no situation where it was necessary for a court of equity to protect against encroachment on its jurisdiction or the lawful effect of its orders and decrees, but merely one where independent proceedings were pending in the state and federal courts, in both of which the ultimate relief sought was a money judgment. The Supreme Court, in denying the power on the part of the federal court to enjoin the proceeding in the state court, said (260 U. S.

at page 232, 43 S. Ct. 79, 82, 67 L. Ed. 226, 24 A. L. R. 1077) : "Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law."

■ In cases such as the one at bar, a recovery in the action in the state court will delay and obstruct the exercise of the jurisdiction of the federal court of equity and may lead to a conflict of authority, even though each court acts in accordance with law. The rule which we think applicable here was stated on page 229 of the opinion in 260 U. S., 43 S. Ct. 79, 81, as follows: "It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court."

■ It is clear from what is said in the Kline Case that the power of a federal court of equity to protect its jurisdiction is plenary. And the real question raised by the contentions of defendant is not as to conflict between state and federal jurisdictions, but the old question as to the extent of the power in equity to enjoin the prosecution of proceedings at law; for it is only for the purpose of protecting its jurisdiction that equity has ever enjoined the prosecution of such proceedings. Pomeroy's Equity Jurisprudence (4th Ed.) vol. 4, § 1360. Professor Pomeroy treats this question at length in his Equity Jurisprudence. See sections 1360 to 1365 of the fourth edition. He points out that in suits over which courts of law and equity have a concurrent jurisdiction, as they have in cases of fraud, and in which the only question between the two courts relates to the adequacy of the legal remedy, the court which first exercises jurisdiction is entitled to retain an exclusive control of the issues. In such cases equity will not enjoin an action at law, if the latter be first commenced, and if the remedy at law be adequate. If the remedy at law be inadequate, however, equity will enjoin the legal proceeding even though commenced first. The rule is thus luminously stated by Professor Pomeroy (vol. 4, § 1363): "The second general class includes

those cases * * * over the facts of which both courts of law and of equity have a concurrent jurisdiction to grant their respective and distinctive remedies; for example, cases involving actual fraud, such as suits upon instruments, where the defense is fraud in procuring their execution. Where the jurisdiction is thus said to be concurrent, or in other words, where the interests and primary rights of the parties are legal, and the only question between the two courts relates to the adequacy of their respective remedies, as a general rule the tribunal which first exercises jurisdiction is entitled, or at least permitted, to retain an exclusive control of the issues. It is therefore a well-settled doctrine that in cases of this kind, where the primary rights of both parties are legal, and courts of law will grant their remedies, and courts of equity may also grant their peculiar remedies, equity will not interfere to restrain the action or judgment at law, provided the legal remedy will be adequate; that is, provided the judgment at law will do full justice between the parties, and will afford a complete relief; the adequacy or inadequacy of the legal remedy is the sole and universal test. On the other hand, in cases of this general class, equity will enjoin the action at law, and will determine the whole cause, whenever the legal remedy is inadequate; and the legal remedy is deemed to be inadequate if the ends of justice would not be satisfied by a mere judgment for the defendant in the action at law, but would require that some distinctively equitable relief, such as a cancellation or a reformation of the instrument sued upon, be conferred upon him. If any affirmative equitable relief is necessary to a full settlement of the controversy, and to a complete protection of the defendant's rights, a court of equity will interfere, entertain a suit for such relief, and enjoin the action at law. The scope of this particular doctrine is plainly identical with that which governs the second branch of the exclusive jurisdiction of equity as described in the first volume. Whenever a court of equity exercises its jurisdiction over a case involving only legal interests and primary rights, for the purpose of awarding its exclusively equitable remedies, because the legal remedies would be inadequate, it will always, if necessary, enjoin an action at law which interrupts the full exercise of its jurisdiction."

 On the third question, we think that a suit in equity is commenced, so that the court acquires jurisdiction of the cause, when the bill is filed, whether the suit be in rem or in personam. Farmers' Loan & Trust Co. v.

Lake St. E. R. R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667; Waldo v. Wilson (C. C. A. 4th) 231 F. 654; Equitable Life Assurance Society v. Schwartz (C. C. A. 5th) 42 F.(2d) 646. And the federal court of equity, having acquired jurisdiction of the cause in advance of the state court, is entitled to protect that jurisdiction even though the process of the latter was first served. Farmers' Loan & Trust Co. v. Lake St. E. R. R. Co., supra. But even if the suit in equity had not been first commenced, we think that the equity court would have had power to enjoin the prosecution of the proceedings at law on the ground that the remedy there available was not adequate. See section from Pomeroy, above quoted.

There was no error, and the order appealed from will be affirmed.