**NEW YORK LIFE INS. CO. v. TRUESDALE
et al.
No. 3874.**

Circuit Court of Appeals, Fourth Circuit.

Oct. 8, 1935.

Pinckney L.. Cain, of Columbia, S. C. (Thomas, Lumpkin & Cain, of Columbia, S. C., on the brief), for appellant.

Toy R. Gregory, of Lancaster, S. C. (Gregory & Gregory and Williams & Stewart, all of Lancaster, S. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal from a decree dismissing a bill filed to secure the cancellation of a policy of life and disability insurance on account of false and fraudulent representations contained in the application. The court below found that the policy had been obtained by means of the false and fraudulent representations alleged, but held that, under section 7986 of the South Carolina Code, it had become incontestable as to its life insurance provisions and that, as to its disability provisions, complainant had an adequate remedy at law, in the right to assert as a defense against any action which might be instituted under such provisions the matters set up in the bill.

The policy in question was issued September 4, 1929, and suit for cancellation was instituted within two years of that date but after premiums for two years had been paid. The policy contained the following provision: "This policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

Sections 7986 and 7987 of the South Carolina Code, which were in force when the policy was issued, when premiums for the second year were received and when the decree below was entered, are as follows:

"§ 7986. All life insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known, who issues a policy or certificate of insurance on the life of a person that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true.

"§ 7987. Life insurance companies are hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application for said policy: Provided, The same be commenced within two years from the date of said policy."

On May 4, 1935, more than three months after the decree below was entered, section 7986 was amended by the Legislature of South Carolina (39 St. at. Large, p. 303) to read as follows: "All Life Insurance companies, fraternal benefit associations or any other company, corporation or association by whatever name known, who issues a policy or certificate of insurance on the life of a person shall, after a period of two (2) years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true; Provided, that where any such policy shall contain, in addition to life insurance, agreements for indemnity or benefits for disability, or any other coverage, the provisions of this section shall apply to such agreements with the same force and effect as to the life insurance coverage of such policy."

Three questions are presented by the appeal: (1) Whether the company was precluded from disputing the validity of the policy, in so far as it related to life insurance, by the provisions of section 7986 of the South Carolina Code, in view of the fact that the company had accepted premiums on the policy for the second policy year; (2) if so, whether the passage of the statute of May 5, 1935, had the effect of restoring to the company the right to dispute the validity of the provisions of the policy relating to life insurance; and (3) whether the company had an adequate remedy at law in its right to interpose against suits on the disability features of the policy the fraud and misrepresentation in its procurement alleged in the bill.

On the first question, we think it clear that the Supreme Court of South Carolina has construed section 7986 of the Code, as it stood prior to the recent amendment, as precluding a contest on a policy, on the ground of false representations in the application, after the company has accepted premiums covering the second policy year; and we are, of course, bound by the interpretation which that court places upon the statute. In Beard v. North State Life Ins. Co., 104 S. C. 45, 88 S. E. 285, it appeared that a policy of life insurance was reinstated in December, 1912, and that insured died in June, 1914. At the time of his death premiums for the two year period following the reinstatement had been accepted, but two years from the reinstatement had not elapsed either at that time or later when the company sought to defend on the ground of fraud in the application for the policy and in the certificate of health upon which it was reinstated. In holding that the company could not defend on this ground because it had received premiums for two years, the court said: "It will be observed our statute said nothing about the date or age of the policy. The language refers solely to the receipt of the premium on life insurance. Companies that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth, etc. The case states that the company had received the premium for the two years. Under the express terms of the statute, the courts are bound to hold that, as a matter of law, it had waived the right to dispute the truth of the application for insurance."

In the very recent case of Henderson v. Life Ins. Co. of Virginia, 176 S. C. 100, 179 S. E. 680, 690, which is the latest expression of the Supreme Court of South Carolina on the subject, that court held that the lower court should have granted a motion to strike from the answer of defendant insurer a defense of fraud and misrepresentation in the application, where it appeared that premium for the second policy year had been accepted by the insurer, although two years had not elapsed from the issuance of the policy, saying: "By the specific provisions of section 7986, Code of 1932, and the decisions of this court thereunder cited, fraud and misrepresentation in the application are not available to the insurer after two premiums have been paid."

While expressions are to be found in some of the South Carolina cases upholding the interpretation of the statute for which the company argues, in none of them, except those which we have cited, was the question definitely before the court. In neither Ward v. New York Life Ins. Co., 129 S. C. 121, 123 S. E. 820, nor in New York Life Ins. Co. v. Greer, 170 S. C. 151, 169 S. E. 837, upon which the company chiefly relies, was the question presented as to what was the proper interpretation of the statute. In the Ward Case the question decided was that fraud in procuring a reinstatement was ground for rescission, and there was no showing that premium on the policy for the second year was accepted after the reinstatement. The Greer Case dealt with the question as to whether the company was entitled to have fraud in the procurement of a policy adjudicated as an equitable issue. So far as the question here involved is concerned, it was not discussed, and the report of the case does not show whether the second year's premium was in fact paid or not. Certainly, neither of these cases would justify us in ignoring the clear expression of the court in the Beard and Henderson Cases, particularly as the Henderson Case seems to be directly in point and is the latest expression of the court on the subject.

While the construction of the statute is no longer of general importance because of the recent amendment, we think it not amiss to say that in our opinion the construction placed upon it in the Beard and Henderson Cases is correct. There is a distinct difference between sections 7986 and 7987. As stated by the learned judge below: "The bar in one is by conduct of the parties. The bar in the other is currency of time. The first is in the nature of an estoppel. The other is a pure statute of limitations." It was evidently the intention of the Legislature to provide that a company after accepting the premium for a second year on a contract of insurance should be precluded thereafter from contesting its validity on the ground of statements contained in the application, and that, whether it accepted the second year's pre-

484

mium or not, it should be precluded from instituting a proceeding to vacate the policy on such ground after two years from its issuance. There is nothing inconsistent in the two provisions and no ambiguity in the language employed. There is no reason, therefore, why the language used in section 7986 should not be accorded its usual and customary meaning.

On the second question, assuming that we have the right to consider the amendment to section 7986 which was enacted after the entry of the decree appealed from (Dorchy v. Kansas, 264 U. S. 286, 289, 44 S. Ct. 323, 68 L. Ed. 686, and cases there cited), we are nevertheless of the opinion that that amendment does not help plaintiff. It is elementary that the statutes of the state existing at the time of the issuance of the policy enter into and become a part of the contract between the parties. It was a part of their contract, therefore, that receipt by the company of premiums on the policy "for the space of two years" should constitute a waiver of the right to dispute the truth of statements contained in the application and that thereafter such application should be taken to be true. Premiums "for the space of two years" were accepted by the company before' the statute was amended; and, upon such receipt, the policy became incontestable on the ground of misstatements contained in the application. The amendment to the statute, which changed it so as to provide that policies should become incontestable on such ground only after the lapse of two years from date, instead of upon receipt of premiums for two years, cannot be construed as taking away the right of the insured in the incontestability of this policy which had already vested; for such construction would violate both the contract clause of the Federal Constitution (article 1, § 10, cl. 1) and the due process clause of the Fourteenth Amendment. In addition to this, it is a well-settled rule of construction that statutes effecting a change in substantive rights will not be given a retroactive effect unless it clearly appears, which is not the case here, that the Legislature so intended. Even statutes modifying statutes of limitations will not be construed as having the effect of reviving a cause of action already barred, if such construction can reasonably be avoided. We have discussed this subject thoroughly and laid down the principles which we think determinative here in the recent case of Link v. Receivers of Seaboard Air Line Ry. Co. et al. (C. C. A. 4th) 73 F.(2d) 149.

Coming to the third question, it should be observed that the Supreme Court of South Carolina' has interpreted section 7986, as it existed prior to its amendment, as having no application to the disability features of a policy of life and disability insurance, so that a policy might be contestable for misrepresentation in the application in so far as it provided for disability benefits, although incontestable with respect to its life insurance features because of the receipt of premiums for two years. Love v. Prudential Ins. Co., 173 S. C. 433, 176 S. E. 333. And because the cited case interpreted section 7986 as having no application to the disability provisions of policies, the learned judge below was evidently of opinion that there was no limitation upon the period of contestability with respect to the disability provisions in the policy here, as was the case in Pacific Mutual Life Ins. Co. v. Parker (C. C. A. 4th) 71 F.(2d) 872, 874, and that, therefore, the remedy at · law, in making defense against suits that might be instituted on the disability feature of the policy, was adequate under the principles laid down in that case.

This view of the case overlooks the effect of the incontestable clause of the policy which we have quoted above, and which, as we have recently held, has application to the disability feature of the policy as well as to its life insurance feature. Ness v. Mutual Life Ins. Co. (C. C. A. 4th) 70 F.(2d) 59. See, also, Kiriakides v. Equitable Life Assur. Soc., 174 S. C. 140, 177 S. E. 40; New York Life Ins. Co. v. Kaufman (C. C. A. 9th) 78 F.(2d) 398; Mutual Life Ins. Co. of New York v. Markowitz (C. C. A. 9th) 78 F.(2d) 396. Since this is true, there was jurisdiction in equity to cancel the policy with respect to its disability provisions. As said by us in the case of Pacific Mutual Life Ins. Co. v. Parker, supra: "A special circumstance justifying the exercise of equitable jurisdiction is presented where the policy contains an incontestable clause and the period of con-

testability has not expired but may expire before the defense of fraud can be established in an action brought to recover on the policy." See, also, Jefferson Standard Life Ins. Co. v. Keeton (C. C. A. 4th) 292 F. 53; Jones v. Reliance Life Ins. Co. (C. C. A. 4th) 11 F.(2d) 69; Brown v. Pacific Mutual Life Ins. Co. (C. C. A. 4th) 62 F.(2d) 711, 712, and cases there cited.

As pointed out in the case last cited, it cannot be said that the right to defend in an action at law instituted in the state court to recover on the disability feature of the policy affords the company an adequate remedy. Under the rule of the federal court, and that obtaining in most jurisdictions including South Carolina, the running of the period fixed by the incontestable clause is stayed only by a legal contest (Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Henderson v. Life Ins. Co. of Virginia, 176 S. C. 100, 179 S. E. 680, and cases there cited); and to prevent a contest within the period of contestability, the insured might purposely delay action, or having instituted action might dismiss it and await the expiration of the period before beginning anew. New York Life Ins. Co. v. Seymour (C. C. A. 6th) 45 F.(2d) 47, 73 A. L. R. 1523.

And jurisdiction in equity was not defeated by reason of the fact that shortly after the institution of the suit in equity in the federal court for cancellation of the policy, action at law was instituted in the state court to recover on its disability provisions. As the federal court had rightly acquired jurisdiction in the equity suit which had been instituted, it had full power to enjoin interference with that jurisdiction by the prosecution of proceedings in the state court. We have discussed this matter fully in the Brown, Jones, and Keeton Cases, supra. In the Brown Case we thus summarized the rule of law applicable, with citation of the controlling authorities:

"The general rule, of course, is that equity will not ordinarily take jurisdiction of a suit for cancellation of a policy of insurance for fraud in its procurement, for the reason that the company has an adequate remedy at law in its right to defend on the ground of fraud in an action instituted on the policies. Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. United States Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188. But where the policy contains an incontestable clause, so that if it be not canceled for fraud within the time limited the right to defend on that ground will be lost, equity will grant relief, as otherwise the company would be without remedy. This was the ground upon which jurisdiction was sustained in the leading case of Jefferson Standard Life Ins. Co. v. Keeton, supra, and that decision has been followed in this circuit by the Jones Case, supra, and in other circuits by the following cases: Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A. 5th) 294 F. 886; Peake v. Lincoln National Life Ins. Co. (C. C. A. 8th) 15 F.(2d) 303; Keystone Dairy Co. v. New York Life Ins. Co. (C. C. A. 3d) 19 F.(2d) 68; New York Life Ins. Co. v. Seymour (C. A. 6th) 45 F.(2d) 47, 73 A. L. R. 1523. See, also, the following cases in the district courts: New York Life Ins. Co. v. Renault, 11 F.(2d) 281; New York Life Ins. Co. v. Sisson, 19 F.(2d) 410; Philadelphia Life Ins. Co. v. Burgess, 18 F.(2d) 599; Mutual Life Ins. Co. v. Dreeben, 20 F.(2d) 394; Abraham Lincoln Life Ins. Co. v. Kleven, 33 F.(2d) 638. These cases affirm the duty of equity to grant relief in such cases even after the policy has matured by the death of the insured; and a number of them approve the rule of the Keeton and Jones Cases to the effect that the jurisdiction in equity is not defeated by the subsequent institution of an action at law on the policy. * * *

"There can be no question as to the general power of a court of equity, which has acquired jurisdiction of a cause, to enjoin the prosecution of all proceedings commenced afterward which would have the effect of defeating or impairing its jurisdiction, or the lawful effect of its orders and decrees in the exercise of that jurisdiction; and it is settled that in such cases section 720, R. S., 28 USCA § 379, has no application. Looney v. Eastern Texas R. Co., 247 U. S. 214, 38 S. Ct. 460, 62 L. Ed. 1084; Kline v. Burke Construction Co., 260 U. S. 226, 229, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. And it has been specifically decided that

such power exists and should be exercised in a case such as this, where suit for the cancellation of a policy of insurance has been instituted in equity, and action at law on the policy is instituted afterwards. See the Keeton, Jones, Peake, Keystone Dairy Co., and Kleven Cases, supra, and note in 73 A. L. R. 1531, et seq."

For the reasons stated, the decree appealed from will be affirmed in so far as it relates to the life insurance feature of the policy, but will be reversed in so far as it relates to the disability insurance feature; and the cause will be remanded for further proceedings in accordance with this opinion.

Affirmed in part; reversed in part and remanded.