## VOLKER v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term. January 3, 1893.)

LIFE INSURANCE—CONDITION IN POLICY—HEALTH OF INSURED.

There can be no recovery in an action on a life insurance policy conditioned that no obligation is assumed by the company, unless, at the date of its issuance, the insured is "in sound health," when the evidence shows that for three years before such date the insured was afflicted with chronic asthma to such an extent that he was unable to pursue his usual calling, and that this ailment, accompanied by subsequent and resultant complications, led to his death.

Appeal from ninth district court.

Action by Louise Volker against the Metropolitan Life Insurance Company on two policies of insurance on the life of plaintiff's husband. From a judgment in plaintiff's favor, defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Wm. H. Arnoux, for appellant.

R. Van Damm, for respondent.

BISCHOFF, J. The judgment appealed from is plainly unauthorized by the evidence, and should be reversed. Plaintiff's recovery was upon one of the policies only, and this provided as follows: "No obligation is assumed by the company prior to the date hereof, nor unless upon said date the assured is alive and in sound health." On the trial it appeared conclusively that, for upwards of three years before the date of the policy, the assured was afflicted with chronic asthma to such an extent that he was unable to pursue his usual calling, and that this ailment, accompanied by subsequent and resultant complications, led to his death. No argument is required to demonstrate that it was the intention of the parties to the contract of insurance that the inception of defendant's risk should be dependent upon the existence of certain conditions, to wit, that at the date of the policy the assured be alive and

in sound health; and, these failing, defendant's liability under the policy never attached. The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.