## LYDIA A. LANGSTAFF v. THE METROPOLITAN LIFE INSURANCE COMPANY.

Argued November 12, 1902—Decided February 24, 1903.

A policy upon the life of L., insuring the payment of a sum of money to A. in case of the death of L., declared upon its face that "no obligation is assumed by the company until the first premium has been paid, nor prior to this date, nor unless upon this date the insured is alive and in sound health." · *Held*, that such a policy did not become binding by a tender or payment of the premium while L. was ill and before the delivery of the policy to L.

On contract.   On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Voorhees & Booraem.*

For the defendant, *Willard P. Voorhees.*

The opinion of the court was delivered by

FORT, J.   The decision of this case is controlled by the case of *McClave* v. *Mutual Reserve Fund Life Association,* 26 *Vroom* 187.

It is impossible upon principle to distinguish that case from this.   The application for the policy sued upon in this case contained this clause: "I further agree  *  *   that the contract of insurance, if one be issued,  *  *  *  shall not be binding upon the company unless upon its date and delivery the insured be alive and in sound health."   The policy issued reads as follows: "No obligation is assumed by the company until the first premium has been paid, nor prior to this date, nor unless upon this date the insured is alive and in sound health."   .

Conceding the payment of the premium to a clerk in the office of the agent of the company at New Brunswick to be proven, and that it was good as against the company, still it is an unquestioned fact in the case that at that time the insured was not in sound health.

The agent of the defendant company, who knew of the illness of the insured when he received the policy from the company, was justified in refusing to deliver the policy on the tender to him of the premium, and the subsequent leaving of the amount of the premium with a clerk of the agent at his office, without his knowledge or consent, while the insured was still ill, did not alter the situation. The clerk notified the person so leaving the money that she had no authority to give a receipt therefor, and she gave none. One of the conditions of the policy forbid payments of premiums at other places than at the home office, unless a receipt signed by the president or secretary and countersigned by the person receiving the premium be given to the person so paying it.

This policy was received in New Brunswick on November 30th, and at that time and the time when the premium thereon was tendered the agent, the insured was ill with typhoid fever, from which he died on December 5th following.

The rule to show cause will be discharged.