## HELENE M. LEE *vs.* PRUDENTIAL LIFE INSURANCE COMPANY.

Berkshire.   September 28, 1909. — October 19, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance*, Life. *Evidence*, Presumptions and burden of proof, Admissions, Declarations of deceased_persons. *Practice, Civil,* Exceptions.

An applicant for insurance described himself in the application as of " good health." A provision of the application was that it should " become a part of the contract for insurance hereby applied for." A provision of the policy was that a part of the consideration for the agreement of the insurance company was " the application for this policy, which is hereby made a part of this contract." In the application the insured agreed " that the policy . . . shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application." *Held,* that the burden was upon the plaintiff to show that the first premium was paid while the insured was in good health.

Although, on exception by the plaintiff in an action upon an insurance policy to a ruling by the trial judge directing a verdict for the defendant on the ground that there was no evidence to submit to the jury on the question whether the plaintiff was in good health at the time of the payment of his first premium, the evidence set out in the bill of exceptions seems very convincing for the defendant, and it is not to be supposed that upon it the jury would have found for the plaintiff, nevertheless the question before this court is as to the existence or non-existence of evidence which, taken by itself alone, would warrant an inference that the plaintiff was in good health at the time of the payment of the first premium, and on that question the plaintiff is entitled to have the case considered by this court as it was before the defendant's witnesses were called.

The questions, *whether,* where an application for insurance, which was a part of the contract of insurance between an insurance company and the applicant, provides that, in order to give the policy effect, the first premium is to be paid while the insured is in good health, and the promise of the company contained in the policy is in consideration of the application " and of the payment, in the manner specified, of the premiums," the words " in the manner specified " mean, while the insured was in good health, so that an acceptance of the first premium and delivery of the policy by the company would be evidence in the nature of an admission, although not binding, that when the premium was accepted the insured

was in good health, *and whether,* the foregoing facts having been put in evidence at the trial of an action on the policy, an exception to a ruling by the presiding judge, that there was no evidence that, at the time of the payment of the first premium, the insured was in good health, should be sustained, here were not argued by either party and were not decided, since there was other evidence on which the exception was sustained.

It is a matter of common knowledge that an insurance company does not issue a policy upon the life of an applicant until it has received what it regards as satisfactory evidence that the person to be insured is in good health.

Evidence that an insurance company, after an investigation satisfactory to itself, wrote, issued, received payment of a first premium upon, and delivered a policy insuring the life of one in whose application for insurance was a stipulation that the policy should not take effect " until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application," in which the condition of his health was described as " good health," and that the agent of the company, who to a certain extent was charged with the duty of ascertaining whether the policy ought to be delivered, called at the home of the applicant on the day of the payment of the first premium, and, not finding the applicant at home, made some inquiries of his daughter and was assured by her that the applicant " was all right," would warrant a jury in finding that, at the time of the payment of the first premium, the applicant was in good health.

The questions, *whether* a declaration in an application for life insurance, that the applicant is in good health, is admissible as evidence at the trial of an action on a policy issued in consideration of the application upon the life of the declarant, as being a declaration such as is described in R. L. c. 175, § 66, which was made in good faith upon his personal knowledge by a person who died before the commencement of the action, *and whether* the trial judge, if requested, might have instructed the jury under the circumstances not to consider the declaration as evidence, on the ground that he was not satisfied that it was made in good faith, here were not decided.

KNOWLTON, C. J.   This is an action upon a policy of life insurance in which the plaintiff is named as the beneficiary.   The policy states that a part of the consideration for the agreement of the insurance company is "the application for this policy, which is hereby made a part of this contract."   The application itself, which was annexed to the policy, was signed by George H. Lee, the insured, and it contained a statement that the application should "become a part of the contract for insurance hereby applied for."   The policy and the application together constitute the contract between the parties, and both alike are to be considered in determining their rights.   In the application the insured made this agreement: " It is agreed that the policy . . . shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as

described in this application." The condition described was that of "good health."

The defendant contended that payment of the premium while the insured was in good health was a condition precedent to the policy's taking effect, and that, as the burden was upon the plaintiff to show that there was a contract which became binding upon the defendant, it was incumbent upon her to prove not only that the policy was delivered, but that the first premium was paid while the insured was in good health. The judge so ruled and the plaintiff excepted. This ruling was correct. It was in accordance with the plain import of the language; and the language of a contract of insurance is as binding upon both parties as that of any other contract. It was also in accordance with decisions in this and other States. *Gallant* v. *Metropolitan Ins. Co.* 167 Mass. 79. *Barker* v. *Metropolitan Ins. Co.* 188 Mass. 542. *Packard* v. *Metropolitan Ins. Co.* 72 N. H. 1. *McClave* v. *Mutual Reserve Fund Life Association,* 26 Vroom, 187. *Langstaff* v. *Metropolitan Ins. Co.* 40 Vroom, 54. *Anders* v. *Life Insurance Clearing Co.* 62 Neb. 585. *Reese* v. *Fidelity Mutual Life Association,* 111 Ga. 482. *Ormond* v. *Fidelity Life Association,* 96 N. C. 158. *Volker* v. *Metropolitan Ins. Co.* 21 N. Y. Supp. 456. 25 Cyc. 719.

The ruling went further, to the effect that there was no evidence to submit to the jury on this point, and a verdict for the defendant was directed, subject to the plaintiff's exception. The evidence seems very convincing in favor of the defendant, and it is not to be supposed that, upon the testimony reported, a jury would have found for the plaintiff. But the testimony which seems to present the facts clearly on this point came almost entirely from witnesses called by the defendant. The question of law before us relates, not to the weight of the evidence, but to the existence or non-existence of evidence which, taken by itself alone, would warrant an inference that the plaintiff was in good health at the time of the payment. On this question the plaintiff is entitled to have the case considered as it was before the defendant's witnesses were called. Was there anything before the jury which would warrant a finding for the plaintiff if no credit was given to the witnesses called by the defendant?

The policy contains a promise to pay the plaintiff, in consideration of the application, " and of the payment, in the manner specified, of the premium herein stated." This must mean the manner specified in the contract, including the application, if the application contains any specification as to the manner of payment. There are different specifications as to the payment of the premium. By the terms of the policy it is to be paid quarter-annually in exchange for the company's receipt, and the time is to be on the delivery of the policy, and on or before the twenty-ninth day of March, June, September and December in every year during the continuance of the policy. The place of payment is the home office of the company. By the terms of the application, in order to give the policy effect, the first premium is to be paid while the insured is in good health. It is a matter not free from doubt whether all, and if not all, how many of these particulars are referred to by the language " in the manner specified." It may be argued that this last requirement relates to the manner of payment, within the meaning of the contract, and it may be argued that it does not. It was proved that the policy was delivered. As the first premium was to be paid at the time of the delivery, it was perhaps a fair matter of inference from the language of the policy as to the consideration, that the defendant's premium had been paid. There was ground for a contention that the delivery of the policy containing this recital is evidence in the nature of an admission, not binding, of course, that this premium had been paid " in the manner specified," and that " in the manner specified " meant while the insured was in good health. We appreciate that there might be force in a contention to the contrary. Neither party referred to this subject in argument, and we do not find it necessary to consider it further; for we are of opinion that there were other facts before the jury which, if we disregard the testimony introduced by the defendant, would warrant an inference in favor of the plaintiff. Not only was the policy delivered, but it was delivered by an agent of the defendant, who, to a certain extent, was charged with the duty of ascertaining whether it ought to be delivered, and ought to take effect, and whether the company ought to receive the payment of the premium upon it. There was evidence that he made inquiry in regard to this matter on

the day of the payment of the premium, and was told by the plaintiff that her father, the insured, was out on the street. "Before he delivered the policy he asked the plaintiff how her father was and she said he was all right." From this testimony the jury might find that the defendant's agent made investigation to this extent, and that he was satisfied that the insured was then in good health. Perhaps he relied in part upon his previous knowledge and in part upon his opinion that the plaintiff's statement was trustworthy. This was evidence against the defendant, although not strong evidence, that the insured was in good health.

If we go further back it appears that the company saw fit to write this policy after such investigation as it chose to make in regard to the health of the applicant. It is a matter of common knowledge that life insurance companies do not issue such policies until they have received what they regard as satisfactory evidence that the person to be insured is in good health. The application annexed to the policy shows that questions were put and answers taken, with a view to determine the state of the applicant's health. The writing of the policy by the company, under these circumstances, was some evidence in the nature of an admission that he was in good health when the application was made, and it might be inferred, in the absence of anything to show the contrary, that he remained in the same condition until the premium was paid.

Neither party has referred to the fact that the application, which seems to have been put in evidence by both the plaintiff and the defendant, contains a declaration made by a person who died before the trial, expressly stating that he was in good health. There is ground for a contention that this is evidence to be considered by the jury under the R. L. c. 175, § 66. This declaration was in evidence without objection, and no request for a ruling was made in regard to it. Although it was contained in a contract which was competent and important evidence, perhaps the judge, if requested, might have instructed the jury not to consider it as evidence, on the ground that he was not satisfied that it was made in good faith. This subject, too, was not referred to by either party in argument, and we do not find it necessary to pass upon it. On other grounds already referred

to, we are of opinion that inferences of fact might be drawn, sufficient to warrant a finding in favor of the plaintiff, in the absence of any more definite evidence as to the condition of the insured when the premium was paid. It follows that the case should have been submitted to the jury.

*Exceptions sustained.*

*P. J. Ashe*, for the plaintiff, submitted a brief.

*E. D. Duffield* (of New Jersey), (*E. A. McClintock* with him,) for the defendant.