## SCHARLACH v. PACIFIC MUT. LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. November 18, 1925.)

### No. 4639.

**1. Insurance ⬳646(3)—Burden on insurer to prove breach of affirmative warranty or provision of life policy.**

Generally burden is on insurer to prove breach of affirmative warranty or provision of life policy.

**2. Insurance ⬳665(3)—Proof of delivery of life policies to applicant held to make out prima facie case for plaintiff suing thereon.**

Under policies providing that insurer would not be liable until policies were delivered during lifetime and good health of applicant, proof that policies were delivered to applicant, and were in his possession at time of his death within year of such delivery, made out prima facie case for plaintiff, suing on policies.

**3. Insurance ⬳400—Clause making policy incontestable after year imports contest by litigation.**

Clause making life policy incontestable after one year, except for nonpayment of premiums, imports contest by litigation, and mere denial and repudiation of liability by insurer, with tender of premiums paid, is not sufficient contest.

**4. Insurance ⬳400—Insurer's answer, denying allegations of petition, held contest, within incontestable clause.**

Insurer's answer, although too general, which denied allegations of petition, including allegation that insured was in good health, contested plaintiff's right to recover within clause making policies incontestable after one year, and an amendment after expiration of year, complying with proper rules of pleading, should be allowed.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Action by Mrs. Mary Scharlach against the Pacific Mutual Life Insurance Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. D. Wheeler, of San Antonio, Tex. (Boyle, Ezell & Grover, of San Antonio, Tex., on the brief), for plaintiff in error.

John H. Cunningham and John C. Wall, both of San Antonio, Tex. (Taliaferro, Cunningham & Moursund, of San Antonio, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action on two $5,000 policies of life insurance. Application for the insurance was made March 29, 1923, and, though the policies are dated October 10, 1923, they were made effective from May 1, 1923, by attached riders or written agreements, in consideration of the payment of initial term premiums, which provide that the insurance company should not be liable until the policies were delivered during the lifetime and good health of the applicant. Each of the policies provides that it should be incontestable after one year, except for nonpayment of premiums or for violation of its conditions relating to military or naval service in time of war. The insured died on July 26, 1923.

The petition alleges that the insured "in all respects complied with the conditions and provisions of said policies." The original answer, which was filed within less than a year from the date of the riders, consisted only of a general denial of the allegations of the petition; but later, and more than a year after the date of the policies, defendant amended its answer, and alleged, among other things, that the insured was not in good health at the time of his application or the delivery of the policies, but that, on the contrary, he was suffering from a number of diseases, and died of cancer of the stomach. Plaintiff filed a motion to strike the amended answer on the ground that the policies had been in force for more than a year, and therefore had become incontestable, except for causes not relied on in the defense sought to be set up. This motion was sustained.

The policies were delivered to the insured, and were received in evidence. The District Judge, before whom the case was tried without a jury pursuant to a stipulation in writing at the close of plaintiff's evidence, being of opinion that the burden was upon plaintiff to prove that the insured was in good health at the time of the delivery of the policies, entered judgment for defendant. Plaintiff sued out this writ of error.

[1, 2] We are of opinion that the plaintiff proved a prima facie case. The general rule is that the burden is on the insurer to prove a breach of an affirmative warranty or provision of a life insurance policy. Piedmont & Arlington Life Ins. Co. v. Ewing, 92 U. S. 377, 23 L. Ed. 610; Mumaw v. Western & Southern Life Ins. Co., 97 Ohio St. 1, 119 N. E. 132; 14 R. C. L. 1435. There are cases which hold that in a suit upon an insurance policy the burden of proof that the insured was in good health is upon the plaintiff. Lee v. Prudential Life Ins. Co., 203 Mass. 299, 89 N. E. 529, 17

Ann. Cas. 236; Mohr v. Prudential Life Ins. Co., 32 R. I. 177, 78 A. 554. But even those cases hold that the plaintiff makes out a prima facie case upon proof that the policy was delivered to the insured and was in his possession at the time of his death. We are of opinion, therefore, that upon the evidence before it the court erred in entering judgment for defendant.

[3, 4] Inasmuch as the conclusion we have reached necessitates a new trial, it is proper to state that in our opinion the District Court also erred in striking out that part of the amended answer which sought to set out affirmatively that the insured was in bad health and suffering from a fatal disease. It is true that a clause in a life insurance policy making it incontestable after one year imports contest by litigation, and that a mere denial or repudiation by the insurer of liability, accompanied by a tender of the premium paid, is not a contest within the meaning of such clause. Northwestern Mutual Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496. Defendant's original answer, while altogether too general, denied all the allegations of plaintiff's petition, including the allegation that the insured was in good health. While the answer was imperfect, it did contest plaintiff's right of recovery within the year allowed by the policies upon every ground relied on by plaintiff for recovery. The contest having been seasonably made, an amendment complying with proper rules of pleading was permissible and should have been allowed.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.