AMERICAN NATIONAL INSURANCE COMPANY OF GALVESTON, TEXAS, *v.* LACEY.

Opinion delivered January 26, 1931.

*Coleman & Riddick,* for appellant.

*C. T. Carpenter,* for appellee.

HART, C. J., (after stating the facts). The controlling question in the case is, did the applicant comply with the essential conditions contained in the policy and the application therefor upon which the insurance company's liability depended? In this view of the matter, it is immaterial to determine whether the policy was dated March 4, 1929, or was issued February 22, 1929, as contended by counsel for the plaintiff. The reason is that the application, which we have copied in our statement of facts, provides that no liability shall exist against the company unless the policy is delivered to the applicant while he is alive and in good health. In other words, the policy contained an express provision that it was not to become effective unless it was delivered while the applicant was in good health.

In *Peebles* v. *Eminent Household of Columbian Woodmen,* 111 Ark. 435, 164 S. W. 296, it was held that provisions in an insurance contract of a mutual benefit association stipulating that there was no liability for benefits on the part of the insurance company unless the certificate or policy was delivered to the applicant while in good health was a condition precedent which might be waived by the insurer, since the provision is made for the company's benefit. That this is in accordance with the general rule on the subject, see case note to 5 A. L. R. 1575.

We can perceive no good reason why this rule should not be applied in the present case. The parties have agreed that the question of waiver of the condition in question on the part of the company is not in the case. Indeed, counsel for the plaintiff rely upon the case cited above and seek a recovery in this case upon the question of estoppel on the part of the insurance company. We are of the opinion that the facts and circumstances do not furnish any substantial evidence upon which to predicate estoppel on the part of the company. By invoking the doctrine of estoppel, counsel for the plaintiff seek to

set aside or annul a condition precedent in the policy upon which liability of the defendant company is based. It seems to us that to hold the policy good under the circumstances of this case would be to abrogate and set aside the contract of insurance and to hold the company liable for the payment of a policy against the very terms of the contract.

The only escape from this conclusion is estoppel. Without knowledge, there can be no estoppel. It is not claimed that the applicant was not fatally sick at the time the policy was delivered on the 4th day of March, 1929. According to the plaintiff's own testimony, Edward Lacey had been carried to the hospital in the city of St. Louis on the 27th day of February, 1929, ill with pneumonia, and never got out of his bed from that date until his death on the 14th day of March following. It is not claimed, and the record does not show, that the company was informed of his illness or the serious character of it. This case is totally unlike the Peebles case cited above and relied upon by plaintiff, because in that case the company accepted premiums from the insured for a period of two years after the clerk of the local lodge had delivered the policy to the applicant. The court said that it would be manifestly unjust to permit an insurance company with full possession of facts that it intended to rely on to defeat the collection of the policy when it matured, to continue to demand and receive from the insured premiums as if there was a binding and valid contract of insurance.

Here the payment of premiums was small and inconsequential, and the time from the date of the delivery of the policy to the death of the applicant was too short for any legitimate inference that the company had estopped itself from relying upon the condition precedent in the policy. It is not claimed that there was any direct knowledge on the part of the company that the appellant was fatally ill when the policy was delivered, and there is no acceptance of premiums for any length of time after that. The time between when the policy was delivered

and the death of the applicant from the disease with which he was suffering at the time the policy was delivered was entirely too short to support any legitimate inference upon which an estoppel could be predicated. As sustaining this view, we cite the following cases: *Cable* v. *United States Life Ins. Co.*, 111 Fed. 19; *Piedmont and Arlington Life Ins. Co.* v. *Ewing*, 92 U. S. 377; *Insurance Company* v. *Wolff*, 95 U. S. 326; *Langstaff* v. *Metropolitan Life Ins. Co.*, 69 N. J. Law 54, 54 Atl. 518; *Reese* v. *Fidelity Mutual Life Association*, 111 Ga. 482, 36 S. E. 637; *Thompson* v. *Travelers Insurance Co.*, 13 N. D. 444, 101 N. W. 900; and *Howell* v. *Prudential Insurance Co.*, 153 Ala. 611, 45 So. 208.

Therefore, the judgment will be reversed; and, in as much as the case seems to have been fully developed, the complaint will be dismissed here. It is so ordered.