JAMES BATTAH, as Executor, etc., of ELIAS BATTAH, Deceased, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Supreme Court, Appellate Term, Second Department, October 6, 1933.

*Solon Weit,* for the appellant.

*Samuel H. Block,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, and new trial granted, with thirty dollars costs to appellant to abide the event.

The court erred in refusing to charge that the burden was upon the plaintiff of establishing that the insured was in sound health when the policy was issued, and in charging that the burden of proof was on the defendant to show that the insured then was not in sound health. The policy contained what is designated therein as a " Preliminary Provision," and which reads as follows: " This policy shall not take effect if the insured die before the date hereof, or if on such date the insured be not in sound health, but in either event the premium paid thereon, if any, shall be returned." Whether the insured was in sound health at the time the policy was issued was a question of fact. The burden of proof on that question was of major importance in the decision of the case. It was, therefore, capital error to rule as the trial court did. Under the authorities which we think contain the better rule, although there are others to the contrary, the plaintiff has such burden. (*Murray* v. *Narwood,* 192 N. Y. 172; *Goodfriend* v. *American Credit Indemnity Co.,* 217 App. Div. 635; 1 Cooley's Briefs on Insurance [2d ed.], 693; *Lee* v. *Prudential Life Ins. Co.,* 203 Mass. 299; *Greenbaum* v. *Columbian National Life Ins. Co.,* [C. C. A.] 62 F. [2d] 56, 58; *Person* v. *Ætna Life Ins. Co.,* [C. C. A.] 32 id. 459; *Mohr* v. *Prudential Ins. Co.,* 32 R. I. 177; 78 A. 554; *Karp* v. *Metropolitan Life Ins. Co.,* [N. H.] 164 id. 219.)

All concur; present, CROPSEY, MACCRATE and JOHNSTON, JJ.