not entitled to the benefit of section 1083-a of the Civil Practice Act. The facts do not warrant the conclusion that it was merely a substitute for the old mortgage. That appellants did not invoke the provisions of the emergency legislation in connection with the foreclosure of the new mortgage justifies the inference that as to it they realized they were not entitled to the benefit of the statute. Nor are defendants entitled to the equitable relief considered in *Monaghan* v. *May* (242 App. Div. 64). Nowhere is it denied that, as claimed by the respondent, they are possessed of independent means, owning a warehouse and eleven vegetable markets, in connection with which they operate a fleet of trucks, and having substantial balances in several savings banks. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

MINNIE COHEN, Respondent, v. NATHAN COHEN, Appellant. (Appeal No. 1.) — Order sequestering the property and income of the defendant and appointing plaintiff the receiver thereof affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

MINNIE COHEN, Respondent, v. NATHAN COHEN, Appellant. (Appeal No. 2.) — Order modifying judgment by reducing the amount of alimony to be paid by the defendant to the plaintiff from seventy-five dollars a week to forty-five dollars a week, and denying other motions made by the defendant, and otherwise confirming the report of the official referee affirmed, with ten dollars costs and disbursements to the respondent. Order directing the Mutual Life Insurance Company to pay to the receiver in sequestration certain disability benefits belonging to defendant affirmed. No opinion. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

SYLVIA KOIVU DANIELSON and Another, Respondents, v. GEORGE OLSON, Defendant, and JAMES MCDERMOTT, by JOSEPH MCDERMOTT, His Guardian ad Litem, Appellant.— Action by mother and daughter — the daughter to recover for personal injuries sustained as the result of a collision between the automobiles of defendants at the intersection of city streets; the mother to recover for expenses and loss of services. When the cars collided, the one driven by defendant McDermott ran on the sidewalk and struck the plaintiff daughter, a pedestrian. Appeal by defendant McDermott from a judgment in favor of both plaintiffs and against him. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

CHARLES W. DANKER, as Administrator, etc., of AGNES DANKER, Deceased, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment of the City Court of Yonkers and order denying motion to set aside verdict and for a new trial reversed on the law and the facts and a new trial ordered, costs to appellant to abide the event. The trial court correctly charged that the plaintiff " must show affirmatively by a fair preponderance of the evidence that upon the date of the issuance of the policy the insured was in sound health." (*Battah* v. *Prudential Insurance Co.*, 151 Misc. 176; *Goodfriend* v. *American Credit Indemnity Co.*, 217 App. Div. 635, 638; *Lee* v. *Prudential Life Insurance Co.*, 203 Mass. 299, 301; *Greenbaum* v. *Columbian Nat. Life Ins. Co. of Boston*, 62 F. [2d] 56, 58.) We are of opinion that plaintiff's case failed to bear the burden of proof imposed upon him by law. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.