Edward Klumbach, Respondent, v. Silver Mount Cemetery Association, Appellant.— Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ. [See 242 App. Div. 843.]

Beatrice Kurshan and Oscar Kurshan, Respondents, v. George L. Robinson, Defendant; National Transportation Co., Inc., Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

Laura S. L. Newhall, Respondent, and George P. Newhall, Plaintiff, v. Margaret McCann and Others, Individually and as Executors and Trustees of the Last Will and Testament of James McCann, Deceased, Appellants.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

The Timken-Detroit Company, Respondent, v. Charles P. Boye, Appellant. — Motion for reargument denied. Motion for stay denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

Bernard Treptow, Respondent, v. Emilio Di Bianco, Appellant, and Others, Defendants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

Louis Bomwell, Respondent, v. Commercial Casualty Insurance Company, Appellant.— Judgment reversed on the law and a new trial granted, costs to abide the event. The action was on a policy for disability insurance in which the illness for which liability is claimed followed shortly after the issuance of the policy. It was claimed by the defendant and proof was made that the plaintiff had suffered from illness and had received medical attention during the past five years, contrary to his representation in the application, which was made a part of the policy. When this proof was made, the burden was cast on the plaintiff to show that the illness was of a trivial or minor nature and that the attendance of the physician was to treat him for such slight illness. The rule adopted by the learned trial court placed the burden of proof in respect to illness and medical attention on the defendant. This was error. (*Battah* v. *Prudential Insurance Co.*, 151 Misc. 176, and cases cited therein; *Danker* v. *Prudential Ins. Co.*, 243 App. Div. 527.) It is unnecessary to discuss the other questions raised by the appellant on this appeal. Lazansky, P. J., Hagarty, Carswell, Tompkins, and Davis, JJ., concur.

Rose Carrabis and Philip Carrabis, an Infant, by Rose Carrabis, His Guardian ad Litem, Appellants, v. Brooklyn Ash Removal Co., Inc., Respondent.— Action by infant to recover damages for personal injuries received while he was on the premises of defendant as a trespasser or bare licensee; and by his mother to recover loss of services. Judgment dismissing the complaint at the close of plaintiffs' evidence unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.