ANNA GOLDEN *vs.* THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES.

Suffolk.     December 6, 1935. — January 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance*, Life: delivery of policy.     *Contract*, What constitutes.

In an action on a life insurance policy signed by the defendant and naming one of its solicitors as the assured, delivery of the policy was not shown by evidence merely that it was received at the agency of the defendant with which the solicitor was connected and was turned over to him, and that after his death a short time later it was found in a desk used by him among policies insuring other lives also signed by the defendant but held for delivery.

CONTRACT.     Writ dated April 3, 1931.

The action was tried in the Superior Court before *Sisk*, J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

*J. C. Johnston*, (*H. Finn* with him,) for the plaintiff.

*J. E. Peakes*, (*W. B. Sleigh, Jr.*, with him,) for the defendant.

CROSBY, J.     This is an action of contract brought by the plaintiff, the beneficiary named in a policy of insurance on the life of Alexander L. Golden, husband of the plaintiff, dated December 17, 1930, and signed by the defendant. The defendant in its answer, in addition to a general denial, pleaded that the policy never was delivered to the alleged insured, that no premium was ever paid on the policy, and that it never became legally effective. At the trial it was admitted by the defendant that under date of December 17, 1930, the defendant signed a policy, in which Alexander L. Golden was named as the insured and the plaintiff was named as the beneficiary. The policy was produced at the trial by the defendant at the request of the plaintiff, and was admitted in evidence. By its terms it was provided in part that the policy should be payable "upon

receipt of due proof of the death of the Insured, provided premiums have been duly paid and this policy is then in force and is then surrendered properly released."

It was admitted by the defendant that Golden died January 17, 1931, and that proof of his death was received by the defendant; that Golden was employed for a number of years by Charles E. Townsend, a general agent of the defendant, to solicit life insurance; and that shortly after the death of Golden the policy was found in a desk used by Golden in the office of Townsend, and was retained by that office. It was admitted by the plaintiff in the opening to the jury that no cash payment of any premium was ever made on the policy, and that unless the first premium was paid by a credit arrangement between Golden and Townsend no premium ever was paid. The plaintiff sought to offer evidence of declarations made by the deceased with reference to certain arrangements alleged to have been made by him with the Townsend agency for payment of the first premium on the policy. This evidence was objected to by the defendant. In the absence of the jury the judge heard testimony with reference to the alleged declarations, and stated: "I am unable to find that the declarations of the deceased were made in good faith and upon his own personal knowledge. I exclude them."

The administrator of the estate of Golden, called as a witness by the plaintiff, testified that shortly after the death of Golden he went to the office of the Charles E. Townsend Agency in Boston; that he there talked with one Carter, the supervisor of the agency; "that Mr. Carter showed him the desk used by the said Golden; that he, the witness, went through the desk in the presence of Mr. Carter; that he found the policy in suit with other policies which had been signed by the defendant on the lives of other people and which had not been delivered, and that the policy in suit was handed by him to Mr. Carter at the latter's request, and that he later received a letter, dated February 17, 1931, signed Donald J. Pierson, Office Manager of said Charles E. Townsend Agency." A copy of this letter was admitted in evidence. It was therein

stated: "The policy was received in this office on December 20, 1930, and was turned over to Mr. Golden by the girl who handles the incoming policies. There was no settlement made to us for the policy. Mr. Golden had a regular account with this office to which premiums were charged from time to time, but, in order to charge a premium to his account, we required the authority and permission of Mr. Townsend which he (Mr. Golden) was at all times required to get personally. In the case of the policy in question, it was never mentioned to Mr. Townsend, and, in fact, Mr. Townsend did not know that the policy was outstanding until after Mr. Golden's death." The plaintiff did not offer any further evidence, and upon the defendant's motion the judge directed the jury to return a verdict for the defendant. To this direction the plaintiff excepted.

To entitle the plaintiff to recover she was required to prove as a condition precedent that the policy was delivered to her husband, and that the first premium had been paid. These conditions were made a part of the application and embodied in the policy. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299. *Ansin* v. *Mutual Life Ins. Co. of New York,* 241 Mass. 107, 110. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492, 495. As the evidence would not warrant a finding that the policy found in the desk used by Golden with other policies on the lives of other persons was ever delivered by the defendant to him, it is plain that no binding contract of insurance existed between the defendant and Golden at the time of the death of the latter. As was said by this court in the case of *Whiting* v. *Massachusetts Mutual Life Ins. Co.* 129 Mass. 240: "The possession of the policy, without a waiver, on the part of the company, of the condition upon the performance of which it was to take effect, does not, on the facts disclosed, show a delivery of it in completion of the contract, or furnish any evidence that the minds of the parties had met."

As there was no evidence that the defendant ever assented to the issuance of the policy to Golden, the plaintiff is precluded from recovery. Accordingly it is unnecessary to

decide whether the failure of Golden to pay the first premium on the policy as required in the application therefor would also be a bar to the maintenance of the action.

*Exceptions overruled.*