WILLIAM M. PREST, Judge of Probate, *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY & another.

Suffolk.  April 9, 20, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Bond*, Delivery, Probate bond.

The facts, that a conservator, after being informed that an additional bond should be filed by him, executed one and procured the execution thereof by a surety and mailed it to the register of probate, who returned it, stating that the conservator would have to file a "petition for additional bond," the bond not thereafter being delivered to the court, warranted a finding that the bond never had been delivered to the obligee, and a further finding refusing recovery for breach of its provisions showed no error.

CONTRACT. Writ in the Superior Court dated November 20, 1934.

The action was heard by *Dillon,* J., without a jury, who found for the defendant Massachusetts Bonding and Insurance Company, and reported the action for determination by this court.

*F. G. Doherty,* (*John J. Walsh* with him,) for the plaintiff.

*W. T. Snow,* for the defendant Massachusetts Bonding and Insurance Company.

*T. C. Quinn & G. N. Welch,* by leave of court, submitted a brief as *amici curiae.*˙

PIERCE, J. This is an action of contract to recover the penal sum ($4,000) named in a probate bond. The answer of the defendants Caswell and Massachusetts Bonding and Insurance Company (hereinafter referred to as the defendant) contained, in substance, (1) a general denial of all the allegations in the plaintiff's writ and declaration contained; (2) a specific denial that the defendant "signed, delivered, and executed a certain instrument or bond as surety in the Probate Court in and for the county of Suffolk in the sum of $4,000"; (3) a call upon the plaintiff to prove each of these allegations; (4) a specific denial that "said bond was returned by the said court to the said Weymouth without approval by the judge of probate or the register or assistant registers of probate"; and (5) allegations "that the obligation relied upon by the plaintiff never became a valid or enforceable instrument because of the fact that it was never delivered to or accepted by the obligee, but was in fact rejected thereby."

With the consent of all parties the case was heard by a judge of the Superior Court. At the conclusion of all the evidence he found for the defendant and at the request of the plaintiff reported the case to this court, subject to the provision which follows: "If a finding for the defendant was permissible upon any view of the admissible evidence, then judgment is to enter on the finding. If, as a matter of law, upon the admissible evidence a finding for the plaintiff was required, then judgment is to enter for the plaintiff in the amount of . . . $4,000."

Many of the facts presented in evidence were agreed upon, and it was further agreed that the trial judge "might draw inferences." The facts reported are in substance as follows: It was agreed that Guy L. Weymouth was appointed conservator of one John R. Kingston, an incompetent person, that at the time of his appointment said Weymouth gave a bond in the sum of $1,000 to the First Judge of Probate for Suffolk County, and that this bond was specifically approved by the court. About October 1, 1926, Guy L. Weymouth and the defendant executed the bond in action (Exhibit "A"). The bond was conditioned upon the faithful performance by Weymouth of his duties as conservator of said Kingston. Weymouth died May 4, 1934, and the defendant William H. Caswell, junior, was appointed executor of his estate. It was agreed that at the time of Weymouth's death he should have had in his possession funds of Kingston in excess of $5,000; that demand for such funds was made on Weymouth's executor by the conservator appointed to succeed Weymouth, and that that demand was refused; and that thereafter demand was made upon the defendant, which was likewise refused. It is further agreed that, subsequently to the execution of the instrument in action, Weymouth, until 1932, paid premiums on this bond from his own personal funds, aggregating $110; that the defendant, as soon as it ascertained the facts in this case, made a tender to the succeeding conservator of all premiums received by it on account of the instrument (Exhibit "A") and the tender was refused; that after the execution of the instrument (Exhibit "A"), the defendant had no knowledge of what became of it. Subsequently to Weymouth's death said instrument was found among Weymouth's papers in an envelope which contained, in addition, the exhibits attached to the report marked "B," "C," "D," and "E," and it is found that subsequently to October 11, 1926, it was at all times in the possession of Weymouth or of his executor.

Subject to the defendant's exception the judge admitted in evidence exhibits "B" and "C." Exhibit "B" is a letter

from the United States Veterans Bureau, dated September 14, 1926, addressed to "Mr. Guy L. Weymouth," and reads: "It is noted that your bond is still $1,000.00, though your second account, which has been allowed by the Probate Court, shows a balance of $3698.54. Inasmuch as you failed to comply with the request contained in our letter dated July 7, 1926, namely, to increase your bond, you are advised that your check will be held in this office until you so comply. Failure to comply with our request by September 30th will necessitate our calling it to the attention of the Court and the cancellation of your check." Exhibit "C" is a letter dated September 27, 1926, addressed to "United States Veterans Bureau, Guardianship Officer, Boston, Mass.," and signed "G. L. Weymouth." It reads: "For your information I beg to say that I have myself 'called the attention of the Court' to the matter of my conservator's bond. In fact, this was done last June, when my account was filed. I am now advised by the Court as to an additional bond necessary, and have made application to the bonding company therefor. As soon as the bond itself has been received I will file it with the court."

Exhibit "D" is a letter dated October 11, 1926, bearing the caption "THE COMMONWEALTH OF MASSACHUSETTS SUFFOLK COUNTY Probate Court and Court of Insolvency Boston." It is addressed to Guy L. Weymouth, and is signed "John R. Nichols Asst. Register by S. P." It reads: "Enclosed please find additional bond in the case of John R. Kingston, which you mailed to this office. Before you can file this bond it will be necessary for you to file a petition for additional bond. Form for same is enclosed." It is found that John R. Nichols is, and was when exhibit "D" was written, assistant register of probate for Suffolk County; that "There is no record in the clerk's office of the Probate Court for Suffolk County of the receipt of the instrument in question (Ex. A) and there was no entry upon any docket relating to the estate concerning this instrument"; and that there "was no reference in any docket entry having to do with the John R. Kingston Estate of any instrument

in the sum of . . . $4,000 nor was there any order of court requiring an additional bond."

Subject to the exception of the defendant, entries from "the second, third and fourth accounts of Guy L. Weymouth as conservator of the Kingston Estate which were allowed without contest after publication and assent from a guardian *ad litem* were admitted: 1. *Second account* Item, 'Massachusetts Bonding & Insurance Company, $10.00.' 2. *Third account* Item, 'Massachusetts Bonding & Insurance Company, additional bond premium, $16.00. January 27, 1927, Massachusetts Bonding & Insurance Company, old bond, $10.00.' 3. *Fourth account* Item, 'January 4, 1928, Massachusetts Bonding & Insurance Company, premium on bond, $10.67. July 16, 1928, Massachusetts Bonding & Insurance Company, premium on bond, $10.00.'" The fifth, sixth and seventh accounts of Weymouth had not been presented for allowance and were not offered in evidence.

It was agreed that it is the practice and procedure of anybody acting in the probate office for Suffolk County on behalf of the register or assistant register, "when a bond is offered without a petition, to return the bond." This evidence was objected to by the plaintiff and was admitted subject to his exception.

The difficulty about the case arises equally whether the bond is treated as a statutory bond or as a common law bond, and lies in the lack of evidence that the instrument, in the lifetime of Guy L. Weymouth, was ever delivered by him and accepted by the named obligee as a present, operative, legal obligation binding the principal and surety named therein. All that appears is that, at some time between October 1, 1926, and October 11, 1926, Weymouth mailed the bond (Exhibit "A") to the Probate Court for Suffolk County or to some one official of the Probate Court in Boston, and that on October 11, 1926, an assistant register remailed the bond (Exhibit "A") to Weymouth with a notification that "Before you can file this bond it will be necessary for you to file a petition for additional bond." However mistaken the assistant register might be as to his

power to reject the bond on the ground that a petition had not first been filed in accordance with the practice of the Probate Court for Suffolk County, no evidence could be clearer than that he did refuse to receive the bond as a delivery and acceptance thereof in behalf of the First Judge of the Probate Court for the county of Suffolk, and it is found by the judge that the bond was in the hands of Weymouth at the time of his death. *Fay* v. *Richardson,* 7 Pick. 91. *Thomas* v. *Bleakie,* 136 Mass. 568, 572. *Golden* v. *Equitable Life Assurance Society of the United States,* 293 Mass. 286. The evidence warranted, if it did not require, a finding that the instrument (Exhibit "A") had never been delivered to the obligee. On the effect of the approval of the accounts allowed, the trial judge was warranted in finding, as he may have done, that the formality of allowing accounts did not involve any intention of approving a specific bond which had never been delivered to the Probate Court and, so far as the record discloses, the Probate Court never saw or heard of. In any view of the evidence the issues involved were of fact only and in no way required a ruling that "as a matter of law . . . a finding for the plaintiff was required."

*Judgment for the defendants.*