·CLARA ARONSON, Executrix, etc., of ANDREW ARONSON, Deceased, Respondent, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Appellant, Respondent, and CLARA ARONSON, Respondent, Appellant.— Action upon an alleged policy of insurance written by the defendant insurance company on the life of Andrew Aronson, deceased. The defendant insurance company moved for summary judgment under rule 113 of the Rules of Civil Practice. The plaintiff widow, as executrix of the deceased, made a cross-motion for summary judgment, as did the widow as an individual defendant. The order appealed from denied all three motions. Order modified by striking out the word " denied " in the first ordering paragraph and inserting in place thereof the word " granted;" and, as thus modified, the order is affirmed, with ten dollars costs and disbursements to the New York Life Insurance Company. A condition precedent to the enforcibility of the policy sued upon was that there should be a delivery of the same and payment of the premium thereof. A delivery of the policy to the defendant insurance company's branch office was not, under the circumstances herein, a delivery to the insured. (Gilman v. Metropolitan Life Ins. Co., 242 N. Y. 512; Golden v. Equitable Life Assurance Soc. of United States, 293 Mass. 286; 199 N. E. 744.) The letter of the decedent of December 22, 1930, authorizing payment of the premium on the new policy from the amount accruing under the maturing old endowment policy did not authorize the application of moneys under the old policy in advance of the date of maturity of that policy on January 18, 1931. The insured died January 8, 1931, before such an application of moneys was authorized. The insurance company was not authorized or obligated to have recourse to the loan value or surrender value of the old policy to pay the premium on the new policy. (Manufacturers Trust Co. v. Equitable Life Assur. Soc., 244 App. Div. 357; Columbia Bank v. Equitable Life Assur. Soc., 79 id. 601; Silverman v. New York Life Ins. Co., 66 F. [2d] 554.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ABRAHAM BIRNBAUM, Respondent, v. JACK T. COSMAN, Appellant.— Action brought to recover damages alleged to have been sustained by the plaintiff through the malicious destruction and conversion by the defendant of plaintiff's property. Order granting plaintiff's motion for examination before trial of the defendant as an adverse party affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

ELSIE BOOTH, Respondent, v. GEORGE MEYER and ANNA MEYER, Appellants.— Action for damages for personal injuries suffered by plaintiff by reason of a fall caused by the defective condition of a door sill at the entrance to an apartment occupied by plaintiff in a building owned by the defendants. A defective condition had been made more defective by repairs made by the defendants as volunteers. Judgment for the plaintiff and order denying motions to dismiss the complaint, and to set aside the verdict and for a new trial, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.