Henry Clay Greenberg, J.
Petitioner, commonly known as New York’s Blue Shield Plan, initiated this proceeding pursuant to article 78 of the Civil Practice Act to review the determination of the respondent, the Superintendent of Insurance of the State of New York. Respondent ruled that the statute amending section 250 of the Insurance Law (L. 1953, ch. 634, eff. April 13, 1953) embodied and promulgated the requirement that petitioner allow reimbursement for treatment in the field of oral surgery irrespective of whether the specific patient was attended by a physician or a dentist. In espousing this interpretation, respondent concededly placed reliance on the Attorney-General’s opinion, expressed in answer to respondent’s inquiry relating to the dental care feature of the afore-stated amendment, that “it is my opinion that where a medical expense indemnity contract covers service of a kind recognized as common to both the medical profession and the dental profession, a subscriber is entitled to reimbursement for such service whether performed by a physician or a dentist.”
Petitioner’s major contentions are: (1) that respondent has misconstrued the plain meaning and clear intendment of the 1953 amendment to section 250 of the Insurance Law; and (2) that section 250 (supra) as construed is unconstitutional.
In a strict sense the immediate dispute presented does not relate to the wisdom or desirability of the 1953 amendment, but with the issue of petitioner’s ability to demonstrate that respondent’s actions were arbitrary, unreasonable or capricious. In the court’s opinion the respondent’s determination, in consonance with the opinion expressed by the Attorney-General, is in accord with the intent and purport of the pertinent act.
Attention is also directed to the memorandum of the Insurance Department submitted to the Governor prior to his signing the bill, including the 1953 amendment, wherein it stated in part that: “By this amendment a subscriber will be entitled to *1001 reimbursement for care within the coverage of the policy, whether provided by a licensed physician or a licensed dentist. ’ ’
Petitioner’s privilege to select practitioners and to restrict or expand the coverage of specific injuries and diseases has not been abrogated. Respondent’s regulation providing for reimbursement in the instance of oral surgery is applicable if the petitioner elects to include such coverage. The alleged mandatory nature of the interpretation adopted relates to the rendition of services by either a physician or a dentist.
The second contention is that the construction made by respondent is unconstitutional in that it constitutes an impairment of the obligation of the contracts between petitioner and its subscribers. The claimed imposition of retroactive liability upon petitioner is unsupported. Petitioner voluntarily elected not to follow the example of Medical and Surgical Care, Inc., a similar indemnity corporation, which promptly revised its contract after the enactment of this amendment so as to specifically include coverage for oral surgery irrespective of treatment by a physician or by a dentist. This question as to the proper extent of coverage and consequent responsibility for reimbursement was clearly known to interested organizations such as petitioner. Numerous conferences were conducted in 1955 and 1956 with the petitioner, the Department of Education, the Dental Society of New York State and respondent to discuss the effect of the 1953 amendment. Petitioner is unable to establish any unawareness on its part, and in entering into subsequent contracts with its subscribers it was fully cognizant of the specific issues. Furthermore, contracts existing prior to the 1953 amendment are in no way affected by respondent’s determination.
The court reaches the conclusion, without detailing further arguments, that the respondent Superintendent of Insurance complied with his statutory authority, proceeded fairly and correctly, and that his determination reflects a realistic interpretation and fosters salutary practices. I am unable to discern sufficient basis in the present record to sustain any of petitioner’s contentions.
Accordingly, the motion is denied and the petition is dismissed. Settle order.