Carlton A. Fisher, J.
The Western New York Medical Plan, Inc., the plaintiff, instituted this action against the Superintendent of Insurance seeking a judgment declaring that subdivision 1 of section 250 of the Insurance Law as amended by chapter 621 of the Laws of 1957, does not make it mandatory for it to reimburse subscriber contract holders for services performed by licensed podiatrists.
The Podiatry Society of the State of New York is an intervenor and it, together with the Superintendent of Insurance, has moved under subdivision 9 of rule 113 of the Rules of Civil Practice for a summary judgment declaring that the plaintiff is required to reimburse contract holders for covered services that are recognized as common to both the medical and podiatrical professions, regardless of whether such service is performed by the podiatrist or the physician.
*278 Subdivision 1 of section 250 of the Insurance Law (L. 1957, ch. 621, eff. April 17, 1957) reads as follows: “Medical expense indemnity shall consist of reimbursement for medical care provided through duly licensed physicians, dental care provided through duly licensed dentists, podiatrical care provided through duly licensed podiatrists, for nursing service and of furnishing necessary appliances, drugs, medicines and supplies and, in addition, may consist of reimbursement for podiatrical care provided through duly licensed podiatrists and, also in addition may consist of reimbursement for bio-analytical or clinical laboratory examinations and reports thereof reported to a physician, osteopath, dentist or podiatrist made by any privately operated bio-analytical or clinical laboratory.” (Matter italicized new.)
Prior to this amendment and by virtue of chapter 474 of the Laws of 1954, the section read as follows: ‘ ‘ Medical expense indemnity shall consist of reimbursement for medical care provided through duly licensed physicians, dental care provided through duly licensed dentists, for nursing service and of furnishing necessary appliances, drugs, medicines and supplies and, in addition, may consist of reimbursement for podiatrical care provided through duly licensed podiatrists.” (Matter italicized new.)
The dentists prior thereto were confronted with a similar situation. Chapter 634 of the Laws of 1953 added “ dental care provided through duly licensed dentists ’ ’.
The United Medical Service, Inc., a corporation similar to the plaintiff, brought a proceeding under article 78 against the Superintendent of Insurance to review the order and opinion of the Attorney-G-eneral that medical expense indemnity corporations were required to reimburse subscribers for covered services performed by dentists. Practically the same claims were made by the parties in that action that confront us in this proceeding.
The court found that the medical indemnity corporation’s right and privilege to select practitioners and to restrict or expand the coverage of specific injuries and diseases had not been 'abrogated; that the regulation providing for reimbursement in the instance of oral surgery is applicable if the indemnity corporation elects to include such coverage; that the mandatory nature of the interpretation adopted related to the rendition of services by either a physician or a dentist.
The court further held that this amendment was not unconstitutional and that the claimed imposition of retroactive liabil *279 ity was unsupported because any medical indemnity corporation could have promptly revised its contracts, as some did, after the enactment of this amendment so as to specifically include the coverage in question and that these corporations were fully aware of the added coverage from the time of the effective date of the amendment.
This opinion and decision was challenged but it was affirmed by the Appellate Division, First Department, without opinion (Matter of United Med. Serv. v. Holtz, 5 Misc 2d 999, affd. 4 A D 2d 1017).
The principles of law as so determined by the courts are equally applicable in this action. Accordingly, where a medical expense indemnity contract covers service of a kind recognized as common to both the physician and the podiatrist, a subscriber is entitled to reimbursement for such service whether performed by a physician or a podiatrist.
Submit papers accordingly.