■ WESTERN NEW YORK MEDICAL PLAN, INC., Appellant, v. JULIUS S. WIKLER, as Superintendent of Insurance of the State of New York, Respondent, and PODIATRY SOCIETY OF THE STATE OF NEW YORK, Intervenor-Respondent.— Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: We agree with Special Term that the amendment of subdivision 1 of section 250 of the Insurance Law by chapter 621 of the Laws of 1957 was mandatory in effect and is to be read into all contracts to which it is applicable even though the contracts were issued in a form which in terms limited indemnity to medical care provided through physicians (*Matter of United Med. Serv.* v. *Holz,* 5 Misc 2d 999, affd. 4 A D 2d 1017; *New York Life Ins. Co.* v. *Truesdale,* 79 F. 2d 481; cf. Insurance Law, § 143; *McNamara* v. *Allstate Ins. Co.,* 3 A D 2d 295; see, also, Lenhoff, Optional Terms and Required Terms in the Law of Contracts, 45 Mich. L. Rev. 39, 72). However, the amendment was prospective in operation and is applicable only to contracts which were voluntarily issued or renewed by medical expense indemnity corporations after the date the amendment took effect, April 17, 1957. The statute under which contracts are issued provides that the contract shall run for a period of 12 months and it also provides that " Any such contract may provide that it shall be automatically renewed from year to year unless there shall have been one month's prior written notice of termination by either the subscriber or the corporation" (Insurance Law, § 253). Under contracts in this form, it was too late, on April 17, 1957, for the plaintiff to elect not to renew outstanding policies which expired within one month after that date, if it was unwilling to assume the added burden imposed by the amendment. As to renewals, the amendment should therefore be held applicable only to renewals which became effective more than 30 days after the date on which the amendment took effect. The first adjudicating paragraph of the judgment should therefore be modified by inserting after the word "podiatrists", the words "in all cases in which the contract was issued after April 17, 1957, or in which the contract was renewed after May 17, 1957", so that the paragraph will read: " ADJUDGED, ORDERED AND DECREED that the plaintiff, Western New York Medical Plan, Inc., is required to reimburse subscribers to its contracts, where such contracts cover services recognized as common to both the medical and podiatrical professions, for services performed by duly licensed podiatrists, in all cases in which the contract was issued after April 17, 1957, or in which the contract was renewed after May 17, 1957, and it is further". All concur. (Appeal from a judgment of Erie Special Term dismissing plaintiff's complaint on motions for summary judgment and adjudging that plaintiff is required to reimburse its subscribers for

certain services performed by duly licensed podiatrists.) Present — McCurn, P. J., Williams, Bastow and Halpern, JJ. [15 Misc 2d 277.]