Bernard S. Meyer, J.
Effective April 13, 1962, subdivision 5 of section 221 of the Insurance Law was amended to provide that “Notwithstanding any provision of a policy or contract of * * * group accident and health insurance, whenever such policy or contract provides for reimbursement for any optometric service which is within the lawful scope of practice of a duly licensed optometrist, a subscriber * * * shall be entitled to reimbursement for such service, whether the said service is performed by a physician or duly licensed optometrist ”. Beginning in July, 1963, plaintiff, a duly licensed optometrist, rendered services to Michael O’Dea, son of defendant Dorothy O’Dea. *6 Dorothy O’Dea is an employee of Grumman Aircraft Engine er-Corp., to which defendant, the Travelers Insurance Company, issued a group accident and health policy. The original policy was issued in 1940; the current policy was effective May 1, 1961, but has been amended in material particulars since April 13, 1962.
Plaintiff sues Dorothy O’Dea and the insurer to recover for the services rendered. Defendant O’Dea has admitted performance of the services and cross-claimed against the insurer. The pleadings are not included in the moving papers, but from the affidavits submitted it appears that the insurer has interposed an affirmative defense “ That the said policy * * * provides no coverage for services rendered by an optometrist.” Plaintiff and defendant O’Dea both move for dismissal of the affirmative defense. Their motions are denied.
The policy provides coverage for “ Charges made by a duly qualified physician for performing a surgical procedure and for other medical care and treatment.” Plaintiff argues that since the service he rendered, vision training, properly comes within the practice of an ophthalmologist, it would constitute “ medical care and treatment” if rendered by an ophthalmologist and, therefore, is an optometric service for which the policy provides reimbursement within the meaning of the statute. The affirmative defense is, however, equivocally worded. Under it the insurer could introduce evidence that vision training is not medical care and treatment even if performed by an ophthalmologist. Whether that proposition can be sustained factually is, of course, not now before the court. To the extent that it seeks to raise the fact question whether the service rendered, by whomever performed, is covered, the defense is valid even if the statute applies.
The defense may also be understood as raising the issue of law that the statute does not apply to the Grumman policy, and since all parties have briefed and argued this point, the court will pass upon it as well. Movants do not deny that the amendment is to be construed as prospective in operation. (Western N. Y. Med. Plan v. Wikler, 8 A D 2d 988; Matter of United Med. Serv. v. Holz, 5 Misc 2d 999, affd. 4 A D 2d 1017; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51.) They argue, however, that the numerous and material amendments to the policy made since April 13, 1962 constitute a new contract of insurance and bring the statute into play. The date of issuance of a group policy, rather than (ho date of issuance of the employee’s certificate, determines the applicability of prospective legislation. (Mulligan v. Travelers Ins. Co., 306 N. Y. 805, affg. 280 App. Div. 764, which revd. on the reasoning of the dissenting opn. at the Appel *7 late Term, 113 N. Y. S. 2d 77, 79.) Renewal of a policy when the insurer has a right under the policy to terminate it is equivalent to issuance of a new policy and makes applicable any statute in effect at the time of renewal (Western N. Y. Med. Plan, v. Wikler, supra). Where, however, the insurer does not have the right to terminate the policy, renewal simply continues the policy in force and statutes enacted after its original issuance date cannot be applied (see Mulligan v. Travelers Ins. Co., 113 N. Y. S. 2d 77, 80, supra; Baumann v. Preferred Acc. Ins. Co., 225 N. Y. 480, 485). Amendment of the contract, when amendment can be made without the consent of the employer, is equivalent to a right to terminate and will have like effect. But when amendment is dependent upon consent of the employer, the fact that an amendment has been agreed to does not bring new statutes into play, notwithstanding the fact that for some purposes of contract law the modification results in a new contract (see Gram v. Mutual Life Ins. Co. of N. Y., 300 N. Y. 375, 385). The reason is that the modification provision of the policy constitutes a contract between the carrier and the employer that neither can be bound by an obligation to which it has not consented. To hold that consent to any amendment makes an intervening statute applicable is, therefore, to impair that provision of the contract and to overlook the fact that, except for an amendment specifically agreed to, the original policy, as to the carrier, continues involuntarily.
The policy upon which plaintiff’s action is predicated was subpoenaed for use on this motion. It permits discontinuance of the policy by the carrier only after nonpayment of premium and when the period for which premium has been paid ends or the number of employees insured falls below 75% of those eligible, and provides in article VI, section 6 that “ This policy may be modified from time to time by agreement of the Company and the Employer without the consent of the Employees covered hereunder.” The employer may obtain for defendant O’Dea and her fellow employees the benefit of chapter 468 of the Laws of 1962 by obtaining the carrier’s consent to an amendment to that effect or by terminating the policy and obtaining a new one. Until that is done, however, the rights of defendant O’Dea, and of plaintiff who derives whatever right he has from defendant O’Dea under the policy are fixed by its provisions, and the fact that the policy was amended after April 13, 1962 no more makes chapter 468 applicable than does the fact that the notes dealt with in Addis v. Selig (264 N. Y. 274), became due after enactment of the statute there involved make that statute applicable.