Martin B. Stecher, J.
This is an action under a group insurance policy for medical expense benefits for therapy rendered the plaintiff’s infant child by a registered psychologist.
The defendant issued a group medical expense policy to the State of New York for the benefit of the employees of various public bodies within the State. The plaintiff, a school teacher, holds a certificate of insurance thereunder.
The policy was issued in 1957 and the certificate some years thereafter. Under the terms of the policy (Art. 5) and a 1962 amendment (No. 11) certain out-patient psychiatric treatment was covered; but a fair reading of the policy as a whole indicated that its intent was to cover only such treatment as was provided by a physician.
By its terms the policy was issued for one year “ and shall be renewed from year to year thereafter unless ” terminated by a default in premium payments or, “ at the option of the Insurance Company, on any anniversary of the date of issue, by giving at least ninety days prior written notice to the Employer. ” By the terms of an amendment to the policy (No. 9) the anniversary date is deemed to be November 1 in each year. Another amendment to the policy (No. 4) permits the insurance company to change the premium rate once annu *657 ally on 60 days ’ notice and more frequently ‘ ‘ whenever the terms of this policy are changed. ”
On May 22, 1969, at which time the plaintiff was an insured member of the group, the Governor signed into law chapter 765 of the Laws of 1969, which by its terms amended, inter alia, subdivision 5 of section 221 of the Insurance Law, to provide that wherever a group medical expense policy provides for reimbursement for diagnosis or treatment of mental or emotional disorders, such policy shall be deemed to cover services '‘ performed by á physician or duly certified and registered psychologist, ” anything contained in the policy to the contrary notwithstanding. The amendment took effect September 1, 1969.
On November 1, 1969, the policy, by its terms, was automatically renewed for an additional year at an increased premium. On December 14, 1969, and thereafter through April of 1970, the plaintiff’s infant son received treatment from a registered psychologist for whose fees reimbursement is sought. Defendant resists payment, asserting that the 1969 statute has reference only to policies issued after the effective date of the statutory enactment (Mulligan v. Travelers Ins. Co., 113 N. Y. S. 2d 77, 80, revd. 280 App. Div. 764, affd. 306 N. Y. 805) and may not affect a policy already in existence.
Where an insurer has the absolute right to terminate a policy on its anniversary date (Western N. Y. Med. Plan v. Wilder, 8 A D 2d 988) or to amend the policy without the employer’s consent (Flax v. O’Dea, 48 Misc 2d 5, 7), each renewal of the policy is deemed the issuance of a new policy. Clearly, therefore, by virtue of the insurer’s unilateral right to terminate the policy or increase the premiums, the policy must be deemed to have been newly issued on November 1, 1969, five months after the statutory amendment became law and two months after its effective date.
The insurer was able, unilaterally, to modify the policy by giving the requisite 60 days’ notice of a premium increase between the statute’s effective date and its next renewal date and, accordingly, the policy must be deemed amended by the statute to cover the services rendered. It is, therefore, unnecessary to consider whether the defendant’s right to give 90 days’ notice of disavowal of the policy is to be measured from the date the statute became law, May 22, 1969, or the effective date of the statute, September 1, 1969 (Western N. Y. Med. Plan v. Wilker, supra).
Judgment may be entered for the plaintiff in the sum of $300 with interest from June 14, 1970.