William J. Ostrowski, J.
In separate actions heard "by me at the afternoon and evening sessions of Small Claims Court on the same day, the plaintiffs seek reimbursement from defendant for fees paid to psychologists.
A copy of a claim form signed by the plaintiff Greene and by her psychologist, and handed up to the court during trial, states that her “ diagnosis ” is “ neurosis, depressive type ” and under the heading ‘ ‘ date of treatment ’ ’ various dates are checked off. There was no evidence submitted that the services of the psychologist were under the supervision of a psychiatrist.
The plaintiff Haynie testified that she received ‘ ‘ treatment of emotional problems ” from “ a certified psychologist ”.
The claim of plaintiff Greene is based upon a group insurance contract for Westinghouse employees issued by defendant and the claim of plaintiff Haynie is based on a similar contract for employees of the State of New York.
Section 7F (IV) of the Westinghouse contract reads as follows:
‘ ‘ ‘ Covered Medical Expenses’ * * * means reasonable, charges incurred for the following types of medical services *933 * * * which are performed or prescribed by a physician or surgeon legally licensed to practice medicine * * *
“ Services of physicians and surgeons, including specialists, * * *
‘ ‘ Diagnostic and testing services of psychologists under the direct supervision of a psychiatrist ”,
Article V (2) of the State of New York contract reads as follows: “‘Covered Medical Expenses’ * * * means expenses for medical services of the following kinds, when performed or prescribed. * * * by a licensed physician or jf. ' surgeon *
“ (c) Services of licensed physicians and surgeons, including specialists ’ ’.
Hence neither contract contains any provision for payment of the fees in question. Plaintiffs rely, for such payment, on section 221 (subd. 5, par. [e]) of the Insurance Law, added by chapter 765 of the Laws of 1969, which says: “Notwithstanding, any provision of a policy or contract of group accident, group health or group accident and health insurance, whenever such policy or contract provides for reimbursement to a physician or a psychiatrist for psychiatric or psychological services or for the diagnosis and treatment of mental, nervous, or emotional disorders or ailments, however defined in such policy or contract,, a subscriber to such group accident, group health or group accident and health insurance policy or contract shall be entitled to reimbursement for such psychiatric or psychological services or diagnosis or treatment whether performed by a physician, psychiatrist or a duly certified and registered psychologist when the services rendered are within the lawful scope of their practice, and when such policy or contract or any certificate issued thereunder is delivered or issued for delivery without this state by an authorized insurer, covered persons residing in this state shall be entitled to reimbursement for such diagnosis and treatment by a physician, psychiatrist or a certified and registered psychologist as herein above provided.”
Plaintiffs’ reliance is supported by Western N. Y. Med. Plan v. Wikler (15 Misc 2d 277, affd. 8 A D 2d 988); Gladstone v. Metropolitan Life Ins. Co. (66 Misc 2d 656) and Moore v. Metropolitan Life ins. Co. (75 Misc 2d 168, affd. 40 A D 2d 955, affd. 41 A D 2d 601, mot. for lv. to app. granted 31 N Y 2d 647).
I regard the Moore case as decisive of the issues in these cases in favor of the plaintiffs and the affirmance by the Appellate Division as binding on me.
*934 Section 7'F (III) of the .Westinghouse contract provides for 50% reimbursement. Accordingly, I grant judgment in favor of plaintiff Greene for $181.50 being 50% of total fees of $363.
Article V (1) of the State of New York contract provides for 80% reimbursement. Accordingly, I grant judgment in favor of plaintiff Haynie for $151.20 being 80% of total fees of $189.
I have not arrived at this conclusion without some reservations.
Articles 130 to 155 of the Education Law deal generally with the licensing of the practice of certain professions. Sections 6521, 6531, 6551, 6601, 6701, 6801, 6902, 7001, 7101, 7121, 7201, 7301, 7321, 7401, 7501, 7701 and 7801 define the practice of medicine, physical therapy, chiropractic, dentistry, veterinary medicine, pharmacy, nursing, podiatry, optometry, ophthalmic dispensing, engineering, architecture, landscape architecture, public accountancy, certified shorthand reporter, certified social worker, licensed masseur and licensed masseuse.
Unique among these sections defining practice is section 7601 which says: “ Only a person licensed under this article shall be authorized to use the title ‘ psychologist ’ or to describe his services by use of the words ‘ psychologist ’, ‘ psychology ’ or ‘ psychological ’ in connection with his practice. ’ ’ Some explanation was given in 1960 by National Psychological Assn. for Psychoanalysis v. University of State of New York (8 N Y 2d 197) which dealt with the psychology article of the Education Law as added by chapter 737 of the Laws of 1956 and which then provided for certification and registration. The court said (p. 203): “ The omission of a formal definition of ‘ psychology ’ or its variants was no legislative oversight. Attempts to draft a definition that would sufficiently delineate the nature and scope of psychology had failed * * * and * * * ‘ the law was enacted in a form that was acceptable to interested groups and that requires no interpretation of that term for its enforcement’”. The court took note (p. 204) of plaintiff’s position, “ that there is as yet ‘ no unified concept of what psychology is ’, nor a generally accepted definition of psychology, psychologists or psychological services ’ ”.
Chapter 987 of the Laws of 1971 replaced certification and registration of psychologists with licensing.
Since neither the Education Law nor the Insurance Law nor any court decision tells us what the practice of psychology is, and since the Education Law makes, no present provision for the certification and registration of psychologists, the phrase, “ services or diagnosis or treatment * * * by a physician, psychiatrist or a duly certified and registered psychologist when *935 the services rendered are within the lawful scope of their practice ”, in section 221 (subd. 5, par. [e]) of the Insurance Law insofar as it relates to psychologists, has no discoverable legal meaning.
If the diagnosis and treatment of neurosis is the practice of medicine then
(1) doing so is a Class A misdemeanor for a person not licensed to do so (Education Law, §§ 6512, 6521, 6522),
(2) the claim form signed by the psychologist for the plaintiff Greene would amount to a confession of that crime; and
(3) the relationship between the plaintiff Greene and the psychologist would constitute an illegal contract with payment unenforceable by the psychologist.
If the diagnosis and treatment of neurosis is not the practice of medicine, and since we have no way of knowing whether it is or is not the practice of psychology, it then appears to be conduct or activity not recognized, regulated or licensed in any way by the Education Law.